IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

ALI BEHROZ AZIZ
Mühling St 12
69121 Heidelberg, Germany

USDC- GREENBELT
'26 JAN 21 AM 9:36

SHINKAY AZIZ
Mühling St 12
69121 Heidelberg, Germany

    *Pro Se (s)*
    *Plaintiffs*

VS.                       Civil Action No. JMC 2 6 CV 0 0 2 4 3

UNITED STATES OF AMERICA          <u>**Jury Trial is Demanded**</u>
Executive Office for United States Attorneys
United States Department of Justice
950 Pennsylvania Avenue NW, Room 2242
Washington, DC 20530-0001

MARYLAND STATE ATTORNEY GENERAL
200 St. Paul Place
Baltimore, MD 21202

BEZHAN AZIZ
3608 Isbell Street
Silver Spring, MD 20906

JOHNATHON KAGEN
238 West Street
Annapolis, MD 21401

    *Defendant (s)*

1

# COMPLAINT

Plaintiffs, Ali Behroz Aziz and Shinkay Aziz, as Pro Se (s), sue The United States of America ("Defendant"), Montgomery Police Unit, ("Defendant"), Bezhan Aziz ("Defendant"), Johnathon Kagen ("Defendant") for cause states as follows:

## Parties

1.      Pro Se Ali Behroz Aziz ("Ali Behroz") is an individual who resides in Heidelberg, Germany, and is an adult citizen of the country of Afghanistan and Germany.

2.      Pro Se Shinkay Aziz ("Shinkay") is an individual who resides in Heidelberg, Germany, and is dual citizen of Afghanistan and Germany. Shinkay is Ali Behroz's and defendant Bezhan Aziz's mother.

3.      United States Attorney General; Department of Justice (DOJ), representing the United States of America, USCIS, (U.S. Citizenship and Immigration Services), IRS, Internal Revenue Services, and U.S. State Department, the U.S. Federal Court for the Southern District of Maryland and the Court of Appeals for the Fourth Circuit.

4.      Maryland General State Attorney, 200 St. Paul Place, Baltimore MD, 21202. representing the Montgomery Police Unit, Montgomery State Attorney's office, and the State of Maryland.

5.       Defendant Bezhan Aziz is an individual residing in 3608 Isbell Street MD 20906, Silver Spring Maryland.

6.      Defendant Johnathon Kagen is an individual practicing law in 238 West Street Annapolis, MD 21401, Maryland and has represented the defendant Bezhan Aziz before the Federal Court for the Southern District of Maryland and the Court of Appeals for the Fourth Circuit.

2

## JURISDICTION AND VENUE

7.      Jurisdiction is based on diversity of citizenship and amount in controversy, under 28 U.S.C. § 1332(a)(2). The Plaintiffs are foreign nationals and Defendants are the United States of America, State of Maryland, individual Mr. Bezhan Aziz and individual Mr. Johnathon Kagen. The amount in controversy is over $75,000.

8.      The District of Maryland is the proper venue for this Complaint, because this court has jurisdiction over the defendant Bezhan Aziz, defendant Johnathon Kagen, the United States and the Montgomery Police. The incidents had occurred in the State of Maryland, and the District Court of Maryland has jurisdiction over the Montgomery Police, and the United States government.

## BACKGROUND AND HOW THE DEFENDANT BEZHAN AZIZ ACQRUIED THE PLAINTIFFS' FUNDS INITIALLY

9.      From 2012, and while residing in Afghanistan, Plaintiffs maintained a joint bank account with the Pashtany Bank, Kabul, in which their funds were held in United States dollars.

10.     On or about Juli 5th, 2013, Plaintiff Ali Behroz and his mom; Plaintiff Shinkay Aziz moved to Heidelberg, Germany because they were being persecuted by the Afghan Taliban and their lives were in danger. This threat arose due to Ali's performing construction work for the United States Army in Afghanistan in support of the army's operations and Shinkay's working for an international organization.

11.     Upon information and belief, in June 2021 Defendant Bezhan, who is Ali's brother and Shinkay's son, was residing in Silver Spring, Maryland and attending Montgomery College as a student while also working for ADT, Inc., installing security cameras.

3

12.    In the Spring of 2021, Plaintiffs felt it necessary to move their much needed funds out of his bank account in the Pashtany Bank because they feared Kabul would soon fall to the Taliban. At the time, Plaintiffs understood that restrictions prevented the transfer of funds from Afghanistan to European countries, such as Germany, and also understood that funds could not be freely transferred from Afghanistan into the United States. In an effort to save his and his mother's savings, Ali planned to travel back to Afghanistan and attempt to transfer their needed funds out of that war-torn country before the Taliban took over in Kabul.

13.    In a discussion with his brother, defendant Bezhan Aziz about the issues Ali was having in moving his and his mother's funds from Afghanistan to Germany, defendant Bezhan, offered to "help". Bezhan promised to hold Plaintiffs' money for them in the United States and to assist Ali in transferring the money to the United States. Once the money was in a United States bank account, Bezhan assured Ali that it would be transferred to Germany.

14.    Both Ali and Bezhan were aware that in order for funds greater than a certain amount to be transferred out of Afghanistan, a legitimate reason for the transfer had to be provided to the Afghan bank from which the funds were being transferred.

15.    The initial plan suggested by defendant Bezhan was for the funds to leave Afghanistan for claimed business purposes. In this regard, the defendant Bezhan prepared a bogus ADT invoice in the amount of $180,000, in the name of Ali's company, Pinnacle Construction Company ("Pinnacle") which could be used as a ruse to pretend which the funds would be for purchasing ADT security cameras. Bezhan transmitted this invoice via iMessage to Ali on or about June 13, 2021.

16.    In connection with this plan, Bezhan opened a bank account at Citibank N.A. ("Citibank") and referenced it in his WhatsApp voice messages to Plaintiff Ali.

4

17.     Plaintiff Ali arrived in Kabul, Afghanistan on June 18, 2022. On or about June 19, 2022, he went to Pashtany Bank and inquired at Pashtany Bank (which did not offer international wire transfers) and Azizi Bank (Afghanistan's largest commercial bank) about whether funds could be transferred from his business account; Pinnacle's account outside of the country to pay a business invoice. His plan was to transfer the funds in Plaintiffs' personal account into his business account; Pinnacle's Construction Company's account at Azizi Bank, and then do the wire to the United States. Ali learned from Azizi Bank, however, that the funds could not be wired by Pinnacle because Pinnacle's business license had expired.

18.     Ali then contacted Bezhan, who suggested the pretext of claiming that the funds were needed to help Bezhan to purchase a "home" and this was a fictitious plan as the purchasing the ADT security items with self-pricing matching the amount to be transferred. For this purpose, the defendant Bezhan created a bogus property invoice, referenced it in several WhatsApp voice messages to Plaintiff Ali to be presented to support the claim. On June 23, Bezhan emailed these documents to Ali in Word and PDF format, referenced the documents in WhatsApp messages and informed Ali that the Citibank account had been opened. A true copy of Bezhan's email of June 23, 2021, and its PDF attachment are attached as Exhibit (the "Property Invoice"). This document was false as the property was not, in fact, for sale and the defendant Bezhan even described and discussed on how to fabricate the property invoice with plaintiff Ali. Being desperate to get his mother's and his life savings out of the embattled country and having no other option for the funds to leave the country, Ali agreed under duress, while Shinkay Aziz knew nothing about the second plain.

19.     Azizi Bank allowed the wire to Citibank based on Ali's fictitious statement about the transfer's purpose which was a ruse and both Plaintiff Ali and the defendant Bezhan were aware which the statement was false and a ruse. Ali had made this statement only under duress to

5

save his and Plaintiff Shinkay Aziz's assets.

20.    After the transfer of Plaintiffs' life savings to Bezhan's Citibank account, Ali provided Bezhan with wiring information to his bank account in Germany and requested that the funds be transferred as agreed. Via iMessage, Ali asked Bezhan to find out the transfer costs to Germany from the United States to Germany. Ultimately, Bezhan responded that the transfer would only cost $25, and he also assured Ali that the money was safe in his account by sending screenshots of the Citibank account, showing the existing of funds and telling Ali that he had enhanced the security of the account by activating two-step authentication. However, Bezhan has failed and refused to return Plaintiffs' funds without just cause or excuse. Bezhan has no valid claim in law or fact to the Plaintiffs' funds.

21.    The transfer of Plaintiffs' funds to Bezhan's personal bank account, over which he has sole control and authority, has conferred a benefit to Bezhan in the amount of $189,000.00 USD.

22.    Bezhan is aware of and has acknowledged his receipt of Plaintiffs' funds in his account and has made use of those funds to his personal benefit. But he has used fraudulently created documents and falsehoods to claim that the funds were transferred for him to purchase a home, which statements he knows are fraudulent.

23.    Although Ali had informed Azizi Bank that the funds were to be used to allow his brother to purchase a home so that the funds could leave Afghanistan, he only made this statement under severe duress. The false statement was necessary as it was the only way Plaintiffs' funds could leave Afghanistan. At the time, the Taliban offensive, which began in early 2021, was quickly approaching Kabul and there was panic in the city. There had already been numerous targeted killings of persons (such as Ali) who had assisted the United States

6

military. Ali was despised by the Taliban and looked upon as a traitor because of his affiliation with the United States Army in Afghanistan, and he reasonably feared for his life if he were to fall into the hands of the Taliban.

24.    Upon information and belief and based on information from the Montgomery County Police Financial Crimes Unit, Bezhan has transferred the funds from the Citibank account to one or more accounts in his own name without informing the Plaintiffs, which the detective Mengedoht has informed the Plaintiff Ali.

25.    Bezhan's retention of Plaintiffs' funds in his account(s), to which he has no valid claim, is inequitable, and the circumstances and law mandate his return of the funds to Plaintiffs.

26.    Bezhan has admitted to several persons that the funds that were transferred belong to Plaintiffs but still has refused to release them to Plaintiffs. Bezhan has also informed Ali that he would release the funds in return for a payment from Ali; and, has threatened to not pay Plaintiffs if Ali does not agree to his terms, using the transferred funds to pay Bezhan's legal expenses with the knowledge that Bezhan is holding his mother's and brother's life savings.

27.    As a result of defendant Bezhan's wrongful conduct, Plaintiffs have been required to incur significant attorney's fees for which he requests reimbursement or contribution from Bezhan given Bezhan's fraudulent and unjust conduct.

28.    The above was filed as a complaint before the District Court of Maryland for the Southern District under Case# No. 8:22-cv-02834 on or about November 22, 2022.

## Plaintiffs current Situation

29.    From December 2021 and as the result of the defendant Bezhan's fraud, Plaintiff

Shinkay Aziz has been living off food stamp and Plaintiff Ali of unemployment benefit which is equivalent of food stamp.

30.    Both Plaintiffs live in a welfare provided One Bedroom Apartment under austere situation.

31.    Plaintiff Shinkay Aziz is severely sick, and she desperately needs her funds to pay for her medical and dental expenses.

32.    This situation causes both Plaintiffs sever mental, physical and emotional harm.


## FACTUAL ALLEGATIONS


33.    A complaint was initially filed against the individual Bezhan Aziz resident of Silver Spring of Maryland for fraud of $189,000.00 United States Dollars with the Montgomery Police Unit on or about January 2022. There was clear disinterest in the Montgomery Police Unit and under Plaintiff Ali Behroz Aziz's sever persistence and after several emails, the chief, Mr. Patil had promised to sign a detective and eventually the detective Mengedoht of the Montgomery Police, Financial Crimes Unit contacted the Plaintiff Ali Behroz Aziz per E-Mail; he was disinterested, nonchalant and superficial from the beginning. Before any investigation of such a complex matter, compiled with the defendant Bezhan's willful lies, the detective was making rulings like a judge and transmitted to Plaintiff Ali Behroz Aziz  on or about January 19, 2021; *"While I am conducting a general investigation into this complaint, there is a very real possibility that this case will not result in criminal prosecution."*

34.    The above statement by Mr. Mengedoht illustrates which a decision was already made not to prosecute, prior any investigation.

8

35.    The detective Mengedoht of Montgomery Police Unit was aware as a matter of fact which the purpose of the transferred funds to the defendant Bezhan Aziz was wrong and even he himself transmitted to the Plaintiff Ali the followings:

*"You knowingly engaged in an action to transfer funds to your brother, and while doing so, provided misleading information to the banking system in order to have the funds transferred into the U.S.".*

36.    The detective Mengedoht for whatever reason did not like Plaintiff Ali Behroz Aziz, and Plaintiff Ali Behroz Aziz was feeling the resentment and discrimination. Mr. Delancey who is a pentagon official and a witness later also stated to Plaintiff Ali Behroz Aziz after he provided testimonies to detective Megedoht, which he did not like you and did not find him competent. After providing testimony to detective Mengedoht, Mr. Delancey was convinced which detective Mengedoht had understood the situation, but the result of the investigation was predetermined and not to prosecute.

37.    The detective Megedoht had transmitted to Plaintiff Ali Behroz Aziz per E-Mail on or about February 10, 2022, which the state attorney's office had declined to prosecute. He did not provide any clarification, details and categorized a clear criminal fraud case as a civil case in shady manner and therefore provided the grounds for the defendant Bezhan Aziz to abuse the law and process and continue with his false claim before the U.S. courts.

38.    The Plaintiffs pleas for providing a point of contact for the alleged district attorney who has allegedly refused to prosecute a clear criminal fraud case, remained unanswered at all the times.

39.    The Montgomery Police Unit and district attorney's office were aware as a matter of fact, which the purpose of the funds were false, but the Police and the district attorney did not prosecute, when the defendant, factually changed the purpose of the funds, falsely classified the

9

funds as a "gift" with the IRS in his tax report and practically paved the way for the defendant Bezhan Aziz to continue his exaggeratingly false claim before the court against the impoverished Plaintiffs. The Police and the district attorney were aware as a matter of fact which the funds were factually not "a gift" for the defendant Bezhan Aziz, nevertheless, they did not take any action and knowingly refusing the duty of care which the Police had towards the Plaintiffs.

40.    The Police and district attorney's avoidance of their duty of care and dereliction of duty in nonfeasance manner emboldened the defendant Bezhan Aziz later to knowingly falsely claim before the Court which the transferred funds were a "gift" for him, a claim which he knew was false. This is while the police and district attorney's office were aware which the defendant was unlawfully holding plaintiffs' funds which is black money for the defendant, but the Police and district attorney turned a blind eye on this evident issue.

41.    On or about February 14, 2022, the Plaintiff Ali Behroz Aziz who has initiated the swift transfer from Kabul, Afghanistan to the defendant Bezhan Aziz's bank account at the Citi Bank in Maryland, revoked the Swift transfer, but the defendant did not honor this. The Montgomery Police Unit was aware of this as a matter of fact, which the Defendant was unlawfully holding $189,000.00 of the Plaintiffs, but did not undertake any action, yet again breaking the Police's specific duty of care to protect assets.

42.    The Montgomery Police and the defendant Bezhan were aware which both Plaintiffs were on food stamps, living in a welfare provided one bedroom apartment under inhuman conditions, but still the Police did not take any action, being aware as a matter of fact which the defendant holding Plaintiffs funds unlawfully. Plaintiff Ali Behroz has pleaded the Montgomery Police Unit numerous times, to prevent dilution of the funds and freeze their assets which the Montgomery and District Attorney's office failed.

10

43.     After the Police refused to prosecute and categorized a clear criminal fraud case as a civil case, Plaintiffs were forced and have filed a lawsuit against the defendant Bezhan Aziz before the Federal Court for the Southern District of Maryland. Categorizing a criminal case as a civil case has automatically diluted Plaintiffs rights and provided grounds for the defendant to abuse the law and process and continue with his fraudulent claim before the U.S. Courts. The defendant Bezhan Aziz has transmitted to the Plaintiff Ali on March 7th, 2024, which "the decision of the court won't be different of the Police's". This illustrates which the lack of action by the Police has motivated the defendant to pursue his fraudulent claim before the U.S. Courts.

44.     In the meanwhile, the defendant has changed the purpose of the funds which is a crime under the U.S. law and knowingly falsely classified the transferred funds as a "gift" with the IRS which his tax declaration was accepted by the IRS. The Police and almost entire U.S. law enforcement including the FBI were aware, but all institutions failed and did not take any action.

45.     A lawsuit was filed against the defendant under Case# No. 8:22-cv-02834 and Appeal Court for the Fourth Circuit case # 24-2151 which the defendant was emboldened by the lack of action by the Police and District Attorney and drawn a strategy to abuse the law and process and use economic duress against the already impoverished Plaintiffs who were living of food stamps in Germany. The defendant Bezhan Aziz has transmitted to Plaintiff Ali Behroz Aziz in his E-Mail on or about March 2022: "I will give 30, 40 or 50 percent of to any attorney who will take my case and continue it until the High court". and "Try to be realistic about your awful situation vs. my better situation".

46.     The Defendant Bezhan Aziz has evaded the service of process and after almost three months and after the court provided a remedy of "Service per E-Mail and SMS", the suit

11

was served. The defendant was following his drawn strategy before the lower Court and viciously continuing his knowingly fraudulent "gift" claim before the Federal Court for the Southern District under above mentioned court case number.

47.     The Defendant has abused the law and process to prolong the process in an attempt which the impoverished plaintiffs succumb due to the costs while he was completely and as a matter of fact aware which his claim was false and fraudulent.

48.     In an unprecedented manner, the defendant has invited two bogus witnesses, ordered the witnesses to deliver fraudulent Affidavits *under perjury and penalty laws* and used the fraudulent affidavits and witnesses under ¶ # *1, 9 and 10* in his answers to the Plaintiffs Interrogations before the lower court. *See*, **Exhibit**. Defendants' bogus witnesses' Affidavits.

49.     The invited bogus witnesses of the Defendant have ludicrously claimed in two affidavits under oath which they have *"donated"* Plaintiffs funds to the defendant from the (Plaintiffs) bank account in Kabul, Afghanistan without having any access and while being in Germany. The affidavits were evidently prepared by defendant's counsel Mr. Campbell and used under oath before both legal instances.

50.     The Federal Court for the Southern District (lower court) was indifferent to the bogus witnesses, and fraudulent claim of the defendant which were egregious and frankly ludicrous. The court was biased and assuming which the Plaintiffs does not understand, therefore favoring unjustly the defendant.

51.     The bogus witnesses have later made knowingly contradictory statements to the German district attorney and Mr. Nasir Ahmad has contradicted his prior statements to Plaintiff Ali Behroz in several audio recordings.

52.     The defendant later tacitly admitted which he has used the fraudulent Affidavits

12

which were delivered under oath, but the Court of Appeals for the Fourth Circuit remained indifferent, though it was clearly mentioned by the Plaintiffs, therefore this illustrates bias of court.

53.    The Defendant has knowingly and willingly with premeditation delivered dozens of false statements under oath in his responses to the Plaintiffs Interrogatories which constitutes perjury and was adamant to abuse the law and process so the Plaintiffs succumb due to their financial situation and the fact which they could not afford their attorney fees.

54.    Under overwhelming and real threat of bogus witnesses, economic duress and abuse of the process by the defendant, compiled by the indifference and incompetence of the court, the Plaintiffs have agreed to a mediation under duress and force.

55.    The abuse of process, duress, dozens of false statements under oath and factual threat of bogus witnesses which required a government's resources and authority; "A State Attorney" to address, which the Montgomery Police and State Attorney neglected and refused without any reason. The lower court remained indifferent as well and evaded responsibility.

56.    Plaintiffs' former attorney Mr. Williams has warned and stated to the Plaintiff Ali Behroz "*justice is not possible in the United States, and you must settle, even under duress and against your will*".

57.    The Plaintiffs have transmitted to their attorney several times which they were being forced to sign the settlement agreement and which they were signing the settlement under duress. The counsel for the Plaintiffs saw no opportunity to resolve the issue, because of cost and incompetence of the courts.

58.    The defendant's counsel Mr. Campbell has initially assisted the defendant with preparing the factually fraudulent affidavits of Mr. Nasir Ahmad Aziz and Arash Aziz and used

13

them in defendant's Reponses to the plaintiffs Interrogatories before the Federal Court. The Federal Court for the Southern District was indifferent to this and has not taken any action. Frankly, no counsel should have taken the defendant's case and going as far as producing fraudulent documents under oath and using them before the court.

59.     The defendant factually resorted to falsehood, fraudulent affidavits which were sworn under oath, and was adamant to falsely continue his fraudulent claim and frankly unprecedently the courts were so incompetent to put an end to defendant's meritless and fraudulent claim, which was frankly just absurd.

60.     The defendant has stated to the Magistrate Judge, Simms which he has spent some portion of Plaintiffs funds in an effort to put pressure on the plaintiffs and offered an amount of $110,000.00 to settle and in a total disregard to the law, even lowered the amount of previously $110,000.00 which he has promised to Magistrate Judge to $87,000.00 in an non-negotiable manner, or the Plaintiffs would face bogus witnesses and he would abuse the process further. Factually the Plaintiffs had two these two options and there was no any other alternative.

61.     The defendant has stated to the Magistrate Judge, Simms which he has spent some portion of the Plaintiffs funds and if the Plaintiffs does not agree to his terms, the remaining of their funds would be also spend, using economic duress against the impoverished plaintiffs. Facing these threats, the Plaintiffs felt helpless and their counsel Mr. Williams has warned the Plaintiffs which Justice is not possible in the United States and advised the Plaintiffs to settle even under duress and against their will.

62.     The defendant's new counsel Mr. Johnathon Kagen has threatened the Plaintiffs with bogus witnesses and their fraudulent affidavits during the mediation process which was illegal under Maryland law. *"Both Mr. Aziz and Arash have submitted affidavits stating that the*

14

*money was a gift to Bezhan and that there was no expectation the money would be returned, which we have re-confirmed verbally with them recently."* ***See, Exhibit.*** Defendants' Counsel's Email.

63.    Being under overwhelming duress, the Plaintiffs have signed the settlement agreement which was offered in an non-negotiable manner by the defendant against their wills and under sever duress, but to later prove this and alleviate the burden of proof, the Plaintiffs have transmitted their true will **several times** to the entire U.S. apparatus, German officials, their counsel and half a dozen witnesses, which they were signing the settlement agreement against their will and under duress, which has voided the settlement agreement.

64.    The law is clear which is looking for real intentions; subjective declaration of intent which was absent and the Plaintiffs were deprived of their true will under overwhelming and illegal threats by the defendant. Plaintiffs have several written communique which they were signing the settlement agreement against their wills, and this alleviates all the legal standards to invalidate the settlement agreement which is a contract and shows which there was "no meetings of minds" and "assent", rather an emphatic "dissent".

65.    The Plaintiffs have transmitted several times to their counsel, which they were signing the settlement agreement under duress and against their will.

66.    The Plaintiffs declaration of intent was not affective, as they were factually under significant and overwhelming duress. This indisputable evidence was disregarded and were censored by both the trial court and appeal court in an unprecedented manner.

67.    The Plaintiffs have forbidden their counsel to dismiss the case without prejudice, as there was no agreement reached and in the lack of a valid agreement the court is obliged by the law **not** to enforce a settlement agreement and conduct and against the law no plenary

hearing was held. The plea of a plenary hearing by the Plaintiffs were refused which was against the law.

68.    The Plaintiffs have filed a Motion to Reopen the case before the Trial court on or about 12.09.2024, argued extensively and provided undeniable evidence which all their evidence were ignored and suppressed in an appalling manner by the court. There is no any other explanation, but which the Plaintiffs were as Pro Se and considered untrustworthy per default, which is bias of court. The lower court for an instance argued which the Plaintiffs Pro Se did not used the word "overwhelmed".

69.    Defendant Johnathon Kagen has assisted the defendant Bezhan Aziz to produce yet another affidavit with dozens of false statements under oath which both the defendant and he himself as a counsel were aware, which were false and filled it before the lower court which constitutes perjury under the U.S. and Maryland law. The false statements were made under oath, were egregious and even contradicted defendant Bezhan's answers to the Plaintiffs Interrogatories in large scale.

70.    This egregious and vicious filling of defendant Johnathon Kagen and defendant Bezhan constitutes perjury, which the lower court was officially informed about it and the direction of the court was sought, but the lower court was appallingly and unprecedently indifferent and remained indifferent for no apparent reason. This illustrates partiality of the court. Both defendants, Mr. Kagen and Mr. Aziz were acting with complete disregard to the law and the court remained indifferent.

71.    Defendant Jonathon Kagen has provided himself an affidavit under oath with pre mediation and knowledge which he delivers a false statement and used it before the lower court and again with breaching the counsel's duty of candor before the Court of Appeals. The

16

defendant Johnathon Kagen had knowledge which his statement was materially false and as someone who practices law has no excuse, but the courts were nonchalant and granted them complete immunity.

72.    Defendant Johnathon Kagen has stated under ¶ 12 of his Affidavit which were under oath, and alleged which Plaintiff Ali Behroz "has U.S. government contract" which was false. The defendant has made serval other derogatory statements against Plaintiff Ali Behroz Aziz which were all false.

73.    In another Affidavit which was under oath, the defendant Mr. Kagen has taken only a sentence of almost two page writing of the Plaintiff Ali, where Plaintiff Ali Behroz Aziz has stated which the U.S. courts does not have any jurisdiction over him, distorted and used it out of context in a clear effort to harm the Plaintiff and make him appear bad before the court. This was clearly a distortion serving as a red hearing from the main legal issue.

74.    Defendant Mr. Kagen has made several other statements such us "Ali is not trustworthy" and which Ali threatens and influences his mother which were all false.

75.    The statements of the defendant Jonathon Kagen were egregious with pre mediation which has inflicted great intentional emotional distress on Plaintiffs. This misconduct is not protected by litigation privileges. The defendant was informed officially which his statement is false and given an ultimatum to retract his fraudulent statement, which was under oath, but the defendant has disregarded and even continued with his fraudulent claim and filled the same Affidavit with a fraudulent statement under oath again before the higher instance, the Court of Appeals for the Fourth Circuit.

76.    The trial court was obliged by precedent and the law to hold a plenary hearing if there is a disagreement on material facts which the trial court's decision is against the supreme

17

court's decision under 437 Md. 422, 86 A.3d 1274 (2014), but the trial court disregarded all the facts and condoned clear fraud on court, perjury and superficially denied reopening of the case with flimsy reasons.

77.    The denial of lower court was made in error, with pure negligence and bias against the Plaintiffs, and the court unlawfully denied the plaintiffs to file a Motin of Reconsideration and a Motion to Set Aside Judgement for Fraud on Court according to 60 (d) (3) of Federal Rule of Civil Procedure. This denial was against the law and violated the plaintiffs' rights to be heard which is a constitutional right under 5th and 14th amendments.

78.    The trial court was assuming which the plaintiffs to did not understand the law, but the Plaintiff Ali has studied contract and business law at a top German University and could legally analyze the case which is very evident and straightforward.

79.    A Notice for Appeal was filed on or about 11.11.2024 with subsequent permission to appeal on or about 13.12.2024 with the Court of Appeals for the Fourth Circuit in a timely manner.

80.    On or about 13.12.2024 a Motion to Appoint Counsel and Extension of the Deadlines were filled before the Court of Appeals for the Fourth Circuit which the defendant has filled a response more than three months later. Defendant Kagen has knowingly filled the defendants Bezhan's Affidavit of September 26, 2024, which contained dozens of fraudulent statements under oath and the defendant's Johnathon Kagen's affidavit with false statements yet again before the Court of Appeals for the Fourth Circuit.

81.    Both defendants Jonathon Kagen, and defendant Bezhan were aware which their affidavits were fraudulent, but Defendant Jonathon Kagen as the counsel for the defendant has filed the fraudulent Affidavit again before one of the highest judicial instances in the United

States of America.

82.    The Court was informed by the Plaintiffs about the egregious and fraudulent fillings of the defendants and after several heated exchanges the defendant Bezhan has indirectly admitted which his answers to the Plaintiffs Interrogatories and Affidavits which were all sworn statements were false, because the fillings were capricious and contradicting each other in a ludicrous manner, but appalling and unprecedently the Court of Appeals for the Fourth Circuit remained indifferent and was clearly biased.

83.    The defendant and his attorney were engaging in personal derogatory attacks to defame the Plaintiff Ali Behroz Aziz with ludicrous accusations, which both defendants, Mr. Kagen and Mr. Bezhan Aziz were aware of the falsity of their statements which they were providing before the court.

84.    The plaintiffs have filled several Motions and importantly a Motion to Seek Judgement of Criminal Contempt under 18 U.S.C. §401, in 92 pages, proving the defendants industrial scale fraudulent statements under oath which constitutes perjury under both Maryland and the U.S. law. The defendant could not provide an answer to one count but the court has appallingly denied the motion and other motions after being pending for 5 months without providing any reasoning.

85.    The Court of Appeal has denied the case without providing a reasoning, as it was factually impossible to deny such a case, which was supported by indisputable evidence in written format. The only problem was, which the Plaintiffs were representing themselves as Pro See and the Court of Appeals clearly took the side of an American counsel and illegally granted impunity even after the defendant and his attorney committed the crime of perjury several dozen times.

19

86.    The animosity of the Court of Appeals arose when the Plaintiffs criticized the U.S. Justice system and specially the handling of the lower court. In a country with a rule of law, this should have never happened, and this is frankly not acceptable, constitute bias of court and is against the law.

87.    The Court of Appeals has witnessed several dozen times which the defendant even could not answer a simple question by the plaintiffs and were not able to provide one fact about his meritless and fraudulent claim, but the court turned a blind eye on industrial scale perjury, false statements and the fact which the ruling of the lower court was against the law and false.

88.    The Court of Appeals has provided a 14 days deadline for the Plaintiffs to file their Petition for a Rehearing, with given strict number of words and etc., which the Plaintiffs have filled their Petition for Rehearing in timely manner and under sever requirements, proving their standpoint with indisputable and undeniable evidence, and challenging the court's decision with the legal grounds and prompting the court to provide even one answer to the plaintiffs, which the court failed.

89.    The arguments of the Plaintiffs were supported all with indisputable written evidence and legal analysis of the legal issue, which unprecedently the Court of Appeals even could not answer to one count and the precedents which the Plaintiffs provided, showcasing which their denial was made in error and in contradiction of other circuits and the United States Supreme Court.

90.    The Petition for a Rehearing by the Plaintiffs was clear, convincing and supported with indisputable written citations, precedents of other circuits and even the U.S. Supreme Court, but the Court of Appeals was determined to deny the legitimate right of the Plaintiffs with

20

arrogance and pure malice, while the Courts are bound by the law to and it is their duty to only and only implement the law.

91.    The Court of Appeals has again denied the Petition of the Plaintiffs for a Rehearing without even providing a single reasoning, against the law and with animosity and bias. The Court of Appeals was self-evidently biased and was determined to prevent the plaintiffs to reach their right through a legal process and committed an injustice in an appalling and unprecedented manner.

92.    The Court of Appeals was advised several times which their decision would be contradicting other circuits and even the U.S. Supreme Courts's rulings and provided several precedents, but the court was so incompetent and biased which overlooked the most indisputable evidence of the Plaintiffs. This has obstructed the justice process and hindered the Plaintiffs to reach their rights.

93.    The Court of Appeals for the Fourth Circuit was made aware of the Plaintiff's intention to file Motion to Set Aside Judgement for Fraud on Court according to 60 (d) (3) of Federal Rule of Civil Procedure, but the Court has denied the Plaintiffs right without any just o or cause which is unconstitutional and against the law. This has violated the Plaintiffs rights to be heard which is constitutional right under 5th amendment.

94.    After the refusal of the Court of Appeals to even allow the Plaintiffs to file a Motion to Set Aside Judgement for Fraud on Court according to 60 (d) (3) of Federal Rule of Civil Procedure, the Plaintiffs have filled a plea with the lower court, the District Court for the Southern District of Maryland, which the court has refused the plaintiffs lawful right, which was against the law and unconstitutional.

95.    The courts were biased toward the Plaintiffs and knowingly committed an

obstruction of justice for unknown reasons.

96.    The defendant Bezhan Aziz was abusing the law and process with frankly ludicrous and self-evident falsehood and not only the U.S. justice failed to do it is job, but rather the entire U.S. government apparatus which is totally unprecedented.

### Green Card Fraud

97.    The defendant has filled on or about 2014 an application for a Special Immigration Visa (SIV) with the U.S. Embassy in Kabul, Afghanistan.

98.    Initially the Plaintiff Ali Behroz Aziz has incepted the Pinnacle Construction Company along his classmate Mr. Mahboob Atiqi back in 2009 and as Mr. Atiqi could not be a vice president as he was running another company,  the Plaintiff Ali Behroz Aziz has invited the defendant Bezhan Aziz to be the " Vice President" only on paper and in exchange he has committed to pay the University expenses of the defendant who was a Kabul Medical University Student at the time and the defendant was just a vice president on paper.

99.    The defendant has even not worked a single day for Pinnacle Construction Company, neither knows anything about the company and he is fully aware of this.

100.    The Plaintiff Ali Behroz Aziz has later changed business partner and partnered with the cousin of Mr. Atiqi, Mr. Nawaz Sharif Afzaly.

101.    Both individuals, Mr. Atiqi and Mr. Afzaly are residing in the United Staes in California and could be subpoenaed to testify under oath.

102.    After the Plaintiff Ali Behroz Aziz immigrated to Germany in April 2013 because of life threatening situation he was facing by the Taliban because of his affiliation with the United States Army, the defendant has lived from 2013 to 2018 in Kabul, Afghanistan. The

Plaintiff was given access to Plaintiff's email, and he had abused the trust of the Plaintiff and reached out to Mr. Delancey and asked him for a letter of recommendation, impersonating Plaintiff Ali Behroz Aziz.

103.    The defendant has used a fraudulent HR Letter and applied for a SIV (Special Immigration Visa) which has led him to obtain a green card. The HR letter which the defendant has used was factually fraudulent, as the Pinnacle Construction Company did not have a HR department and the defendant has signed on the HR letter under the name of Plaintiffs and his own cousin, Mr. Ahmad Fawad Rahimi.

104.    Mr. Ahmad Fawad Rahimi has never worked for Pinnacle Construction Company.

105.    The defendant has preposterously lied several times in his threat letter to the U.S. Embassy. For an instance, he has lied which Plaintiff Ali Behroz was kidnapped alongside him by the Taliban in 2013, but at this time, the Plaintiff Ali was factually in Germany, and he was factually never kidnapped by the Taliban either.

106.    Plaintiff Ali Behroz Aziz has reported the green card fraud to the USCIS, State Department and ICE, but the defendant has probably hired an attorney and further lied to the U.S. government.

107.    This further illustrates which the U.S. government is incompetent to understand very basic issues and the law enforcement agencies lack competence. It is frankly very easy to prove the inadmissibility of the defendant in which his HR letter and threat statements reviewed, fact-checked and verified.

108.    The entire U.S. government has factually failed and unfortunately the justice has acted with bias and under color of law violated Plaintiffs constitutional rights.

109.    The raison d'être of the government was undermined by the lack of action by the

Montgomery Police and State Attorney's office, and they have discriminated the plaintiffs in an unlawful manner which led to significant financial losses, emotional injury, pain and misery.

110.    The defendant could not determine the source of funds which he has acquired by fraud and laundered under different purpose into the U.S. financial system, but the U.S. Police did not take any action and let the defendant inserted into the U.S. financial system.

111.    The funds which the defendant inserted into the U.S. financial system is factually black money for him, as he has got the possession of the Plaintiff's funds by fraud, scheme and trickery.

112.    The Police and the State Attorney's office did not undertake anything at great loss to Plaintiffs personal equity, which is a constitutionally protected right.

113.    The duty of the government is to protect life, peace and property and the fifth amendment of the U.S. constitution guarantees the protection of the property. The action of the defendant proves which he undertakes every action with premeditation, and he is aware of the illegality of the issues, but he does it anyway and the U.S. government has failed in his duty to prevent this, which has harmed the Plaintiffs greatly.

114.    Both legal instances have failed to do justice and were biased toward the Plaintiffs, assuming which Plaintiffs do not understand the law, which was a miscalculation.

115.    Another duty of the government is to facilitate justice and the government of Maryland, the Police, the State Attorney's office, the FBI, the USCIS, the State Department and have failed to take any action, not only in this case, but also in all counts. This has created a situation where defendant Bezhan is acting like a mob, lies under oath, creates fraudulent witnesses, coerces, extorts and took a ransom even before the U.S. justice, against Plaintiffs will.

## COUNT – I
### (Unjust Enrichment)

1.      Plaintiffs adopt and incorporate by reference the averments contained in Paragraphs 1 through 115 as set forth above.

2.      Plaintiffs conferred a monetary benefit upon the defendant Bezhan by the transfer of $189,000.00 USD into his personal Citibank, N.A. account held in Maryland.

3.      Bezhan has acknowledged the receipt of the sum of $189,000.00 USD transferred into his personal Citibank, N.A. account and has used those funds to his own benefit, made false claims through the U.S. justice system, created fraudulent affidavits.

4.      The partial retention of Plaintiffs funds by the defendant Bezhan, without any legal or factual claim or right, makes it inequitable for Bezhan to refuse to return those funds to us.


## COUNT – II
### (Fraud)

5.      Plaintiffs adopt and incorporate by reference the averments contained in Paragraphs 1 through 115 as set forth above.

6.      In June 2021, Plaintiff Ali and the defendant Bezhan had multiple communications about the way in which our funds would be able to leave Afghanistan and be sent to the United States since they could not be transmitted to Germany.

7.      Bezhan assured Plaintiffs that if Plaintiff Ali transferred our $189,000.00 USD to Bezhan's Citibank account, Bezhan would return the funds to the Plaintiffs after they were out of Afghanistan and deposited in the United States.  This statement was false, and the defendant has changed the purpose of the funds in the U.S., lied to the Police, to the IRS, and even several times to the courts under oath.

8. In justified reliance on his brother's promise, Plaintiff Ali has authorized the transfer of funds to the defendant Bezhan.

9. Notwithstanding defendant's promise to Plaintiffs, and that would benefit defendant's mother and brother, the defendant Bezhan has refused to transfer the funds. As a result, plaintiffs have been damaged greatly.

10. The defendant Bezhan acted with absolute malice to defraud the Plaintiffs as well as for fraudulent purposes.

WHEREFORE, we demand:

a. compensatory damages of $125,000.00 and punitive damages in an amount to be determined by this Court.

b. The amount of $125000.00 arose from $189000 – 87000 which the defendant has paid through the voided settlement to the Plaintiffs and plus $23000 attorney fees which the defendant has caused the Plaintiffs through his fraudulent claim before the courts.

c. That the Court impose a Constructive Trust over the Defendant's funds in the Citibank and other accounts in the amount of $102,000 which the defendant Bezhan unlawfully holds.

d. The Plaintiffs demand an additional amount of 500,000.00 in word, Five Hundred Thousand United States Dollars in losses which the Plaintiffs endured because defendant's unlawful and willful actions. The defendant which he has knowingly, willingly and maliciously undertaken these unlawful actions against the Plaintiffs.

e. That the Defendant be made to account for the funds he has received from the Plaintiffs.

f. attorney's fees and other costs incurred by us in prosecuting this action for the return of his funds and for damages.

g. such other and further relief, as criminal prosecution as this Court may deem appropriate.

## COUNT – III
### (Coercion, Duress and Void settlement)

11.    The defendant Bezhan has coerced the Plaintiffs to make a "settlement" and pay a ransom purely under duress. It is factually not possible for the Plaintiffs to "gift" their entire life savings while living on food stamps and borrow and spend $23000 on legal fees and then eschew from half of their legitimate funds in favor of the defendant for no apparent reason.

12.    The defendant was knowingly coercing the Plaintiffs and abusing the law and process, so the Plaintiffs give up on their right.

13.    The defendant has threatened the Plaintiffs with fraudulent and bogus witnesses and their affidavits, which were under oath, used before the court, which constitutes duress under Maryland law and is unlawful.

14.    The Plaintiffs have been factually on food stamps, and the defendant is aware of this, which they had limited resources, while he illegally threatening the Plaintiffs with bogus witnesses and fraudulent affidavits. The defendant has used Plaintiffs situation to deprive them of their free will.

15.    The defendant Bezhan has threatened to abuse the law and process in his email on or about March 2022, until the Plaintiffs are forced to give up and forcefully make a "settlement agreement", which constitutes abuse of law and process, and the defendant has materialized his malice intention and abused the law and process.

16.    The settlement is void because of the defendant's coercive actions,

27

misrepresentations, abuse of law and process, fraud and fraudulent witness statements, duress and economic duress doctrine.

17. The Plaintiffs were deprived of their free will and never intended to pay a ransom, and this is unfortunately paying a ransom under the auspices of justices, because of unlawful actions by the defendant.

18. Plaintiffs felt, which the entire U.S. government has collapsed, because the defendant has clearly committed green card fraud, financial fraud, forgery and though, all these were reported to every U.S. institution, no one has taken action.

### COUNT – IV
(Perjury and Intentional Infliction of Emotional Distress (IIED))

19. The defendant Mr. Kagen as a counsel for the defendant has made several unsubstantiated claims and derogator statements such us, which Plaintiff Ali Behroz Aziz has threatened his mother with a knife.

20. The defendant Mr. Kagen has delivered an Affidavit and falsefully accused Plaintiff Ali Behroz Aziz which he has falsified a U.S. government contract.

21. The defendant Mr. Kagen has filled the fraudulent Affidavit before the Courts while having the knowledge about the falsity of his statement.

22. The defendant Mr. Kagen has assisted the defendant Bezhan Aziz with composing his fraudulent Affidavit and filed the fraudulent documents several times before both legal instances.

23. The defendant Johnathon Kagen acted with absolute malice in that he has delivered a false statement under oath against Plaintiff Ali Behroz Aziz and assisted the defendant with composing his fraudulent affidavit and filled the fraudulent before the courts in a legal proceeding.

28

WHEREFORE, we demand:

    h.   compensatory damages of $5,000,000.00, in words; Five Million United States Dollars and punitive damages in an amount to be determined by this Court.

    i.   Criminal prosecution according to the U.S. law for perjury.

    j.   Revocation of Mr. Kagen's license as counsel.

    k.   Such other and further relief as this Court may deem appropriate.

## COUNT – VI

**(Bias of Court, Judical Misconduct, Denial of Due Processes, Denial of Rights to be Heard, under Federal Torts Claim Act (FTCA))**

24. The lower Court has denied the Plaintiffs to file a Motion for Reconsideration which is against the law and deniable of a due Process for the Plaintiffs.

25. The lower Court has refused to conduct a plenary hearing and an oral argument with the Plaintiffs which is denial of a due process and against the law.

26. The lower Court has denied the Plaintiffs to file a Motion to Set Aside Judgement for Fraud on Court according to 60 (d) (3) of Federal Rule of Civil Procedure for egregious Fraud on Court and Perjury by the defendant Bezhan Aziz, which is unconstitutional, against the law and violated the right to a due process and right to be heard of the Plaintiffs.

27. The lower Court has acted with favoritism and animosity toward the Plaintiffs.

28. The lower Court has suppressed undeniable evidence of the Plaintiffs.

29. The lower Court has treated the Plaintiffs unequally.

30. The lower Court has turned a blind eye on defendant's egregious and industrial scale fabrications and perjury which is undeniable and the entire legal process is marred.

31. The Court of Appeals for the Fourth Circuit has refused several Motions of the Plaintiffs after being pending for 5 months without providing one reason, unjustly with bias.

32. The Court of Appeals has acted with distinct favoritism and animosity toward the Plaintiffs.

33. The Court of Appeals refused to conduct a plenary hearing and an oral argument with the Plaintiffs which is denial of a due process which is a constitutional right.

34. The Court of Appeals denied the Plaintiffs to file a Motion to Set Aside Judgement for Fraud on Court according to 60 (d) (3) of Federal Rule of Civil Procedure for egregious Fraud on Court and Perjury by the defendant Bezhan Aziz, which is unconstitutional, against the law and violated the right to a due process and right to be heard of the Plaintiffs.

35. The Court of Appeals has denied the Plaintiffs Appeal and subsequently the Plaintiffs Petition for a Rehearing only based on favoritism, which the defendant was represented by an American counsel and was residing in the United States.

36. The Court of Appeals has disregarded defendant's egregious and industrial scale fabrications and perjury which is undeniable and the entire legal process is marred. The defendant Kagen as a counsel has filed fraudulent documents before ethe court and the court condoned both defendants' egregious perjury which is a crime under the U.S. law.

37. The misconduct and bias of both legal instances have caused the Plaintiffs extreme financial, emotional, physical, and metal losses.

WHEREFORE, Plaintiffs demand:

30

l.   compensatory damages of $1, 228,500,000.00 in words One Billion two hundred and twenty-eight million and five hundred thousand United States Dollars under Federal Tort Claims Act.

m.   providing the Plaintiffs the opportunity to file a Motion to Set Aside Judgement for Fraud on Court according to 60 (d) (3) of Federal Rule of Civil Procedure for egregious Fraud on Court and Perjury by the defendant Bezhan Aziz and subsequently the setting aside of the Judgement and convene a jury trial.

n.   <u>Plaintiffs demand for an expedited and emergency court proceedings through a jury trial.</u>

o.   <u>Plaintiff demand changing of the circuit to the District Court in New York or to the Delaware Superior Court</u>. The U.S. Government and State of Maryland and both defendants must agree to this as the integrity of the entire Justice is at stake and justice requires this.

p.   Plaintiffs would provide all the details of the case without ANY REDUCTION to the media outlets, and the entire Jury Trial must be recorded for transparency reasons to ensure justice is being served.

q.   Plaintiffs would demand for each year of delay a sum of another 1,000,000,000.00 in words, One Billion U.S. Dollars in compensation from the United States government as this situation is extremely harming the Plaintiffs and specially Plaintiff Shinkay Aziz who is severely ill.


### COUNT – VII
**(Misconduct, Negligence and breaching of duty of care, under Federal Torts Claim Act (FTCA)**

38. Plaintiffs have pleaded the Montgomery Police Unit dozens of times, provided them

31

all the evidence regarding the green card fraud, financial fraud, false witness statements under oath, coercion and demanded them numerous times to do their duty of care to stop an immediate threat to Plaintiffs constitutional right; the funds in terms of equity, which they have failed and they have knowingly chosen not to prosecute.

39. The lack of actions by the law enforcement has caused the Plaintiffs great financial, physical, reputational and emotional losses.

40. The Montgomery Police Unit and state attorney's office were discriminating the Plaintiffs and were unwilling to even discuss these serious circumstances, though the Plaintiffs have implored them multiple times.

41.    The Montgomery Police Unit and state attorney's office have failed to prosecute clear and self-evident crimes of fraud, green card fraud, extortion, coercion, evaded responsibility and broke their duty of care which as a result, Plaintiffs have endured enormous losses including, mentally, physically and emotionally which are entitled for a compensation.

42.    The defendant Bezhan Aziz has changed the purpose of the funds and pursued with his fraudulent claim because of lack of action by the Police and district's attorney's office.

43.    The Police and district attorney's office were aware and avoided their duty of care which is a misconduct. The lack of action by the Montgomery Police Unit encouraged the defendant in an aiding and abetting manner to pursue his false claim through the U.S. courts and he wrote on the mediation day on March 7th 2024, which "the decision of the court won't be different of the Police's", which illustrates that he was emboldened by the lack of action by the Police and the state attorney's office.

44. The State of Maryland, the Montgomery Police Unit and Montgomery State Attorney's office shall be ordered to pay this amount as a compensation.

45. Additionally, Plaintiff Ali is doing the job of the government of Maryland and deal with someone who is lying under oath on industrial scale, committed green card, forges document, prepares fraudulent witnesses and uses them before both legal instances in the United States of America.

46. The discrimination and breach of duty by the Montgomery Police and State Attorney's office have caused the Plaintiffs to be coerced by the defendant and violated our rights to be heard at the court, prevented justice.

47.   The lack of action by the Montgomery Police Unit encouraged the defendant in an aiding and abetting manner to pursue his false claim through the U.S. courts and he wrote on the mediation day on March 7th 2024, which "the decision of the court won't be different of the Police's", which illustrates that he was emboldened by the lack of action by the Police and the state attorney's office.

WHEREFORE, Plaintiffs demand:

r.  compensatory damages of $500,000.000 in words Five Hundred- Million United States Dollars under Federal Tort Claims Act.

s.  Any other relief which this court deems appropriate.

## COUNT – IV
### (Green Card Fraud)

48. Defendant Bezhan Aziz has factually used a fraudulent HR letter in this application for a SIV (Special Immigration Visa) to the U.S. Embassy in Kabul, Afghanistan which has led him to obtain the U.S. Green Card.

33

49. Defendant Bezhan Aziz has lied and provided fraudulent statements to the Embassy which he was aware which were false and the statements were made in order to acquire the SIV Visa which has let him to acquire the U.S. Green Card.

50.     The defendant was inadmissible in the U.S. and acquired his Green Card with fraud.

WHEREFORE, Plaintiffs demand:

t. The court to order the U.S. government to verify, review and fact check defendant Bezhan's SIV application.

u. The court to orders the USCIS to investigate and impose inadmissibility on the defendant.

v. The court to orders the State Department to disclose the entire documents of the defendant Bezhan Aziz and impose inadmissibility on the defendant.

w. If the defendant is naturalized, his citizenship must be invalidated, and he must be deported back to Afghanistan.

Copy: Copy of the Lawsuit to the German Media outlet The Spiegel, Mr. Tucker Carlson and the German Court who are following up this issue.

Respectfully submitted,

Ali Behroz Aziz

Shinkay Aziz

Mühling Str. 12

69121 Heidelberg

Cellphone: 004-915-142-838-778

Email: alibehrozaziz@gmail.com
Email: shinkayz.aziz@gmail.com


Ali Behroz Aziz                    Shinkay Aziz

Plaintiff Pro Se                   Plaintiff Pro Se