IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALI BEHROZ AZIZ, *et al.*,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,
    *Defendants.*

Case No. 26-cv-243-ABA

**ORDER**

Plaintiffs Ali Behroz Aziz and Shinkay Aziz ("Plaintiffs") have brought this action against the United States, the Maryland Attorney General's Office, Bezhan Aziz (hereinafter, "Defendant Aziz"), and Jonathan Kagan, essentially alleging fraud, failure to investigate, and due process violations. The Court issues this order to rule on motions concerning sealing and appointment of counsel, and to direct Plaintiffs to show cause why their claims against Defendant Aziz should not be dismissed under claim preclusion.

This case is related to a prior case that Plaintiffs filed against Defendant Aziz for fraud. *Aziz, et al., v. Aziz*, Case No. 22-cv-2834-BAH (D. Md.) (hereinafter, the "2834 Case"). Mr. Kagan was Defendant Aziz's attorney in that case. The parties settled the 2834 case, but Plaintiffs moved to set aside the settlement and reopen the case. 2834 Case ECF No. 37 (Rule 111 order), ECF No. 54 (Plaintiffs' motion to reopen). Judge Hurson denied the motion to reopen. 2834 Case ECF No. 61. That decision was affirmed by the Fourth Circuit. 2834 Case ECF No. 73. Undeterred, Plaintiffs filed the instant matter seeking again to void the settlement. ECF No. 16 (amended complaint). Mr. Kagan and the Maryland Attorney General's Office have filed motions to dismiss, which

1

are now pending. ECF Nos. 33, 49. The United States has been served, and their deadline to answer or respond has not yet passed. ECF Nos. 29, 39. The summons was returned unexecuted as to Defendant Aziz. ECF No. 40.

Along with his motion to dismiss, Mr. Kagan moved to file the confidential settlement agreement from the 2834 case under seal and to redact portions of the motion to dismiss that refer to terms of the settlement agreement. *See* ECF No. 34 (motion to seal settlement agreement); ECF No. 43 (sealed amended motion to dismiss); ECF No. 43-1 (sealed settlement agreement as exhibit in support of motion to dismiss). This Court granted that request. ECF No. 36. Plaintiffs then filed a motion to vacate that order (ECF No. 38) and a motion to strike the sealed documents or compel access (ECF No. 42). As the Court granted the motion for leave to file under seal without considering Plaintiffs' opposition, the Court will construe Plaintiffs' motions as oppositions to sealing, rather than motions to reconsider, and analyze the issue anew.

The Court has reviewed the parties' briefing and will keep the settlement agreement under seal. "In determining whether the motion to seal [a settlement agreement] should be granted, the Court evaluates whether the information sought to be sealed is confidential, whether disclosure would result in actual harm and the degree of that harm, whether the motion is narrowly tailored, and whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information." *M.G.M. by & through Mabe v. Keurig Green Mountain, Inc.*, Case No. 22-cv-36, 2022 WL 6170557, at *2 (M.D.N.C. Oct. 7, 2022) (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014)). Here, the settlement agreement contains information protected by a confidentiality provision. Further, Defendant Aziz, who is a party to the agreement, has not yet been served in this action. Additionally, the parties and Judge

2

Hurson generally kept the settlement agreement and related filings under seal in the 2843 case. For these reasons, the Court finds that the balance of factors counsels for continuing to seal the settlement agreement, and will deny Plaintiffs' motions. *See Nallapaty v. Nallapati*, Case No. 20-cv-470-BO, 2022 WL 16984479, at \*6 (E.D.N.C. Nov. 15, 2022) (sealing a settlement agreement because it contained confidential information, its terms were not filed in an earlier related case, and it concerned additional third parties).

The Court will also rule regarding Plaintiffs' motions for appointment of counsel. ECF No. 32, 48. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court has previously granted Plaintiffs' motion to proceed *in forma pauperis*. ECF No. 15. However, in general, indigent parties lack a right to counsel in civil matters. *Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 564 (M.D.N.C. 2019) ("This is a civil case. As such, [Plaintiff] is not constitutionally entitled to appointment of counsel."). Instead, to be appointed counsel under § 1915, "a plaintiff must show that [their] case is one with exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *see also Wilkins v. Stone*, Case No. 24-6971, 2025 WL 3252314, at \*1 (4th Cir. Nov. 21, 2025) (affirming a district court's denial of a motion to appoint counsel where the pro se party "had not shown exceptional circumstances"). "In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself." *Valcarcel*, 383 F. Supp. 3d at 565; *see also First Am. Title Ins. Co. v. Borniva*, Case No. 19-cv-3233-GJH, 2023 WL 1995410, at \*2 (D. Md. Feb. 13, 2023) ("The question of whether [exceptional]

circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.") (quoting *Braude v. Vilnyanskaya*, Case No. 17-cv-364-ELH, 2017 WL 2131855, at *1 (D. Md. May 17, 2017)).

Plaintiffs have not shown exceptional circumstances sufficient to warrant appointment of counsel here. Among other reasons, Plaintiffs argue that they require counsel because the legal and factual issues in this case are complex and that they are not competent to represent themselves due to language barriers, the fact that they reside in Germany, and Plaintiff Shinkay Aziz's medical issues. ECF No. 32 at 3–6; ECF No. 48 at 3. First, Plaintiffs have already filed multiple pleadings and motions, and they do not explain why they are not capable of continuing to litigate the case in a similar manner. *See Zeller v. Yiya Zhou*, Case No. 18-cv-2650-PWG, 2019 WL 2579412, at *1 n.1 (D. Md. June 24, 2019) ("[Plaintiff] has not explained why he is unable to litigate this particular case on his own. His motions and previous filings demonstrate his ability to present the legal and factual basis of his claims or to secure assistance in doing so."). Further, upon review of the amended complaint and Plaintiffs' other filings, the Court is not convinced that the claims here are sufficiently complex to warrant the appointment of counsel. *See Alston v. Lewis*, Case No. 10-CT-3032-FL, 2010 WL 4054461, at *1 (E.D.N.C. Oct. 14, 2010) ("The existence of exceptional circumstances depends upon 'the type and complexity of the case, and the abilities of the individuals bringing it.'") (quoting *Whisenant v. Yaum,* 739 F.2d 160, 163 (4th Cir. 1984)). The Court will deny Plaintiffs' motions to appoint counsel.

Finally, Plaintiffs have also requested that a summons be re-issued for Defendant Aziz, who seemingly has not yet been served. ECF No. 48 (motion to reissue summons); ECF No. 41 (summons returned unexecuted as to Defendant Aziz). From the Court's

review of the instant complaint and the 2834 case, it appears likely that Plaintiffs' claims against Defendant Aziz fail either under claim preclusion (sometimes referred to as "res judicata") or because of the prior settlement agreement. *See Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) ("The application of res judicata turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.") (quotations omitted); *see also* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that[] . . . the action . . . fails to state a claim on which relief may be granted[.]"). Accordingly, Plaintiffs will be ordered to show cause why their claims against Defendant Aziz should not be precluded by either the settlement agreement or Judge Hurson and the Fourth Circuit's rulings in the 2834 case.

For the reasons explained above, the Court ORDERS as follows:

1. Plaintiffs' motion to appoint counsel (ECF No. 32) is DENIED;

2. Plaintiffs' motion to vacate (ECF No. 38) is DENIED;

3. Plaintiffs' motion to strike (ECF No. 42) is DENIED;

4. Plaintiffs' motion for procedural relief (ECF No. 48) is DENIED;

5. By **May 9, 2026**, in a brief of no more than 10 pages, Plaintiffs are ORDERED to show cause why their claims against Defendant Aziz should not be dismissed for failure to state a claim on claim preclusion grounds or due to the previous settlement agreement.

Date: April 9, 2026

_____/s/_____
Adam B. Abelson
United States District Judge