**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

**ALI BEHROZ AZIZ**

**SHINKAY AZIZ**

Civil Action No. JMC26CV00243

*Plaintiffs Pro Se*

**vs.**

**JONATHAN KAGEN** et al.

*Defendants*

**[PLAINTIFFS' EMERGENCY MOTION TO VACATE ALL ORDERS, FOR RECUSAL UNDER 28 U.S.C. §§ 144 AND 455(a), FOR REASSIGNMENT TO A DIFFERENT JUDGE, AND FOR A COMPLETE RESET OF THESE PROCEEDINGS]**

**ORAL ARGUMENT REQUESTED**

**INTRODUCTION**

This Court has become a Star Chamber.

The historical Star Chamber (15th–17th century England) was not merely an aggressive court. It

was a court that: (1) conducted secret proceedings with no public access; (2) ruled without hearing

the accused; (3) applied disparate treatment to the powerless; (4) reached predetermined outcomes regardless of evidence; and (5) provided no meaningful opportunity to be heard.

Every hallmark of the Star Chamber has appeared in this case.

Plaintiffs are two indigent, medically incapacitated foreign nationals proceeding pro se. They came to this Court seeking justice. Instead, they found a tribunal that grants dispositive sealing motions before the opposition deadline expires, then falsely states it "considered any opposition" when none existed. A tribunal that denies counsel by erasing binding Fourth Circuit precedent. A tribunal that treats the defendant (4 days for a ruling) and the plaintiffs (24 days for a denial) with starkly disparate speed and outcomes.

This Court will most likely deny this motion. Plaintiffs know that. But they file it to create a clean record for the Fourth Circuit, which will reverse.

## I. THIS COURT LACKED AUTHORITY TO RULE BEFORE THE OPPOSITION DEADLINE

Local Rule 105.11 (D. Md.) states: "The court will not rule upon the motion until at least 14 days after it is entered." On March 26, 2026, Defendant Kagen filed a motion to seal. On March 30, 2026 — four days later including a weekend, ten days before Plaintiffs' opposition deadline — this Court granted it. This Court does not even hide its intention, rather ratifies which this Court has granted the Motion of the Defendant Jonathan Kagen in contrary to local rule 105.11 and in violation of Plaintiffs rights to be heard and due process.

The Fourth Circuit has held that violating a local rule governing response deadline, without notice or good cause, is reversible error. United States v. §14,670 in U.S. Currency, No. 94-1846, 1995

WL 422102, at *2 (4th Cir. July 18, 1995) ("The district court erred by granting the motion before the response deadline expired.").

This Court's Order (ECF 34) also states it "considered any opposition thereto." No opposition existed. The deadline had not expired. Plaintiffs had not filed an opposition because there was no time to file one. This is not a scrivener's error. It is a false factual predicate. A ruling based on a false factual predicate is an abuse of discretion. United States v. Buckskin, No. 22-4441, 2024 WL 1130878, at *3 (4th Cir. Mar. 15, 2024) (fraud on the court includes knowingly false statements in an order).

## II. THIS COURT DELIBERATELY OMITTED BINDING LAW ON APPOINTMENT OF COUNSEL

On April 9, 2026, this Court denied Plaintiffs' motions for appointment of counsel (ECF 32, 48) in a written Order (ECF 52). The Order cites Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Whisenant requires a two-part inquiry: (1) the complexity of the case; AND (2) the plaintiff's ability to present the case without counsel. Id. at 163. This Court quoted the complexity prong. It never used the word "ability." Never used "capacity." Never used "competence."

The Court never cited Brock v. City of Richmond, 983 F.2d 1055, 1058 (4th Cir. 1993), which holds that a district court abuses its discretion when it addresses only complexity while ignoring the plaintiff's ability to proceed pro se. The Court cited instead Zeller v. Yiya Zhou, No. 22-2045, 2023 WL 2645628 (D. Md. Mar. 27, 2023) — an unpublished, non-binding trial court footnote from a different judge — to support its denial. A district court cannot ignore binding circuit precedent in favor of an unpublished footnote. United States v. Ellis, 826 F.3d 146, 152 (4th Cir. 2016) (district courts must follow Fourth Circuit precedent).

This Court's denial of counsel (ECF 52) is an abuse of discretion. It must be vacated.

## III. THE COURT MUST RECUSE UNDER 28 U.S.C. §§ 144 AND 455(a)

### A. Legal Standard Under § 455(a)

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

**The standard is objective:** "whether a reasonable person, knowing all the circumstances, would doubt the judge's impartiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 861 (1988). The Fourth Circuit has held that recusal is required when there is "a reasonable factual basis for doubting the judge's impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). The appearance of impropriety alone — not actual bias — triggers recusal.

Plaintiffs acknowledge that adverse judicial rulings alone do not require recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). But here, the rulings are accompanied by:

1. A false factual predicate (claiming to have considered an opposition that never existed);

2. Violation of the Court's own local rule (ruling before the 14-day opposition deadline);

3. Selective omission of binding circuit precedent (erasing the Whisenant ability prong and ignoring Brock);

4. Disparate treatment (defendant's motion granted in 4 days; plaintiffs' motion denied in 24 days);

5. No ruling on Rule 17(c)(2) (addressing Plaintiff Shinkay Aziz's medical incapacity).

A reasonable observer, knowing these facts, would doubt this Court's impartiality.

### B. The § 144 Affidavit Is Legally Sufficient

28 U.S.C. § 144 requires a timely affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." Plaintiffs have filed the attached Affidavit. The affidavit states facts, not conclusions: specific dates (March 26, March 30, April 9), specific docket numbers (ECF 34, ECF 52), specific omissions (the word "ability" never appears), and specific disparate treatment (4 days vs. 24 days). Upon filing a sufficient § 144 affidavit, the judge must recuse himself. The judge cannot decide the truth of the allegations; he must accept them as true for purposes of recusal. Roberts v. Bailar, 625 F.2d 125, 129 (6th Cir. 1980) (collecting cases).

The only question for the Court is whether the facts stated, taken as true, would cause a reasonable person to question impartiality. They would.

## IV. THE COURT MUST VACATE ALL ORDERS AND RESET THESE PROCEEDINGS

Because this Court violated Local Rule 105.11, created a false factual predicate, omitted binding law, and must recuse itself, every order entered to date is tainted.

The following orders must be VACATED:

- ECF 34 (Order granting sealing)
- ECF 38 (Order denying motion to vacate sealing)
- ECF 42 (Order denying motion to compel access)
- ECF 52 (Order denying counsel and issuing show cause order)
- Any and all other orders entered in this action

Upon vacatur, this case must be REASSIGNED to a different district judge by random draw. The newly assigned judge shall start these proceedings from scratch — as if no orders had ever been entered.

## V. AFFIDAVIT OF BIAS UNDER 28 U.S.C. § 144

**AFFIDAVIT OF ALI BEHROZ AZIZ AND SHINKAY AZIZ**

We, Ali Behroz Aziz and Shinkay Aziz, declare under penalty of perjury that the following facts are true and correct:

1. We are the Plaintiffs in this action, proceeding pro se and in forma pauperis.

2. On March 26, 2026, Defendant Kagen filed a motion to seal.

3. On March 30, 2026 — four days later (including a weekend), ten days before our 14-day opposition deadline expired under Local Rule 105.11 — this Court granted the motion (ECF 34).

4. The Court's Order (ECF 34) states: "The Court has considered any opposition thereto." No opposition existed. The deadline had not expired. We had not filed an opposition because there was no time to file one.

5. On April 9, 2026, this Court denied our motions for appointment of counsel (ECF 32, 48) in a written Order (ECF 52).

6. The Court's Order (ECF 52) cites Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). The Order quotes the complexity prong. The Order never uses the word "ability." It never uses "capacity" or "competence."

7. The Court's Order (ECF 52) does not cite Brock v. City of Richmond, 983 F.2d 1055 (4th Cir. 1993). It cites instead Zeller v. Yiya Zhou, an unpublished footnote from a different judge.

8. The Court took 4 days (including a weekend) to grant Defendant Kagen's sealing motion. The Court took 24 days to deny our counsel motion.

9. The Court has not addressed Rule 17(c)(2) at all, despite Plaintiff Shinkay Aziz's documented medical incapacity (pancreatic surgery, treatment at German National Tumor Center).

10. Based on these facts, a reasonable observer would doubt this Court's impartiality.

We respectfully request that the Court recuse itself under 28 U.S.C. §§ 144 and 455(a), vacate all orders, and reassign this case to a different district judge.

/s/ Ali Behroz Aziz and /s/ Shinkay Aziz
Dated: April 10, 2026

## VI.   ALTERNATIVE   RELIEF:   CERTIFICATION   FOR   IMMEDIATE INTERLOCUTORY APPEAL

If this Court denies this motion, Plaintiffs request certification under 28 U.S.C. § 1292(b) of the following controlling questions of law:

**Question 1:** Whether a district court's grant of a sealing motion before the opposition deadline expires, combined with a statement that the court "considered any opposition" when none existed, requires vacatur of all subsequent orders.

**Question 2:** Whether a district court's denial of counsel that cites non-binding unpublished footnotes while ignoring binding Fourth Circuit precedent (Whisenant ability prong; Brock v. City of Richmond) constitutes an abuse of discretion requiring vacatur.

**Question 3:** Whether a pattern of disparate treatment — granting defendant's motion in 4 days, denying plaintiffs' motion in 24 days — creates an appearance of bias requiring recusal and reassignment.

## VII. NOTICE OF INTENT TO SEEK MANDAMUS

Plaintiffs hereby give notice that if this Court denies this motion, they will immediately file a petition for writ of mandamus with the United States Court of Appeals for the Fourth Circuit, seeking an order:

(1) Directing this Court to recuse itself;

(2) Directing this Court to unseal the dispositive motion under United States ex rel. Oberg v. Nelnet, Inc., 105 F.4th 161, 175 (4th Cir. 2024) (First Amendment right of public access attaches to dispositive motions upon filing);

(3) Directing this Court to rule on pending Rule 17(c)(2) issues.

Mandamus is appropriate where a district court "clearly exceeds its jurisdiction" or issues an order "so plainly wrong as to constitute a judicial usurpation of power."

## VIII. THE STAR CHAMBER IS NOT A METAPHOR — IT IS A WARNING

The Star Chamber was abolished in 1641 because it had become a symbol of arbitrary justice. Its name survives not as a curiosity but as a warning: a court that proceeds in secret, rules without hearing, treats the powerful differently from the powerless, and reaches predetermined outcomes is not a court at all. It is a Star Chamber.

This Court has exhibited every hallmark of that abolished tribunal. Plaintiffs do not say this lightly. They say it because the record compels it.

This Court will most likely deny this motion. That denial will become part of the record the Fourth Circuit reviews. And when the Fourth Circuit reviews that record — including the false factual

predicate, the omitted binding law, the disparate treatment, and the sealed dispositive motion — it will reverse.

## IX. CONCLUSION

The sealing order was granted without authority. It contains a false factual predicate. The denial of counsel omitted binding law. The pattern of disparate treatment creates an appearance of bias. Every ruling is tainted. This Court can grant this motion, vacate all orders, recuse itself, and reassign the case. Or it can deny it and force Plaintiffs to seek mandamus and appeal. Plaintiffs are prepared to do both.

For the Record: The actions of this Court cause irreparable harm to the Plaintiffs, and this Court knowingly and willingly undertakes these actions to deny the Plaintiffs justice, opportunity to be heard, and due process. Plaintiffs are one hundred percent certain that the case is already predetermined to be denied and the process is a Star Chamber process. The actions of this court pose immediate life-threats to Plaintiff Shinkay Aziz who is severely ill, desperately needs her funds for medical expenses and food and we will hold this Court as the representative of the U.S. regime responsible. Plaintiffs are litigating the subject matter, not only against the defendants, but rather against this court which should be impartial in his duty to do justice.

**Respectfully submitted,**

**/s/ Ali Behroz Aziz**
Ali Behroz Aziz
**/s/ Shinkay Aziz**
Shinkay Aziz
Plaintiff Pro Se

69121 Heidelberg, Germany
Cellphone: 004-915-142-838-778
Email: alibehrozaziz@gmail.com

Email: shinkayz.aziz@gmail.com

<u>Ali Behroz Aziz</u>                              <u>Shinkay Aziz</u>

Plaintiff Pro Se                              Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, a true and correct copy of the foregoing Motion was served via CM/ECF and Email on all counsel of record.

**/s/ Ali Behroz Aziz**

**/s/ Shinkay Aziz**

Copy: The Spiel Magazin

Mr. Tucker Calrson

Aljazeera TV