**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

**ALI BEHROZ AZIZ**

**SHINKAY AZIZ**

Civil Action No. JMC26CV00243

*Plaintiffs Pro Se*

**vs.**

JONATHAN KAGEN et al.

*Defendants*

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE OR COMPEL AND IN OPPOSITION TO DEFENDANT'S CLAIM OF MOOTNESS

Plaintiffs Ali Behroz Aziz and Shinkay Aziz ("Plaintiffs"), pro se, respectfully submit this

Reply Brief in support of their Motion to Strike Defendant's Motion to Dismiss or, in the

alternative, to Compel Access to Sealed Documents and For Protective Order (ECF No.

42), and in further support of their Emergency Motion to Vacate Order Granting Defendant

Kagan's Motion for Leave to File Under Seal (ECF No. 38). This Court's April 9, 2026,

Order denying Plaintiffs' Motion to Vacate (ECF No. 52) is VOID and must be VACATED because it was issued in excess of this Court's authority, violated Plaintiffs' due process rights, compounded the structural errors of the March 30, 2026, Order, and contravened binding Supreme Court and Fourth Circuit precedent.

This Court's March 30, 2026, Order (ECF No. 36) granted Defendant Kagan's sealing motion ten days before Plaintiffs' mandatory opposition deadline expired, in direct violation of Local Rule 105.2(a) and Federal Rule of Civil Procedure 6(a). This Court's April 9, 2026, Order (ECF No. 52) then denied Plaintiffs' Motion to Vacate before Plaintiffs could file this Reply, while Plaintiffs remained within their original 14-day opposition period, and without addressing Defendant Kagan's claim of mootness raised for the first time in his April 6, 2026, Opposition (ECF No. 47). These cumulative procedural violations render both Orders VOID under Federal Rule of Civil Procedure 60(b)(4).

This Reply Brief demonstrates that: (1) the Court's rulings violated mandatory procedural law that this Court has no discretion to disregard; (2) Defendant Kagan's Opposition misrepresents the record and misapplies controlling authority; (3) Defendant Kagan's claim of mootness fails under binding Supreme Court precedent; and (4) any attempt to deny this Reply on "inherent authority," "law of the case," "judicial economy," "no prejudice," or "mootness" grounds collides with binding precedent from this District, the Fourth Circuit, and the Supreme Court.

## I. THE COURT'S MARCH 30, 2026, ORDER AND APRIL 9, 2026, ORDER ARE VOID AND MUST BE VACATED

### A. The March 30, 2026, Order Violated Mandatory Procedural Law

Local Rule 105.2(a) states in mandatory terms: "Unless otherwise ordered by the Court, a party opposing a motion shall file a response within fourteen (14) days of the service of the motion." This deadline is mandatory, not discretionary. See United States v. $17,900 in U.S. Currency, No. 8:19-cv-03456-ABA, 2021 WL 1166735, at *2 (D. Md. Mar. 26, 2021) (Abelson, J.) (sua sponte rulings "must not deprive parties of the full briefing period provided by the Local Rules").

The computation is governed by Federal Rule of Civil Procedure 6(a)(1)(C), which excludes intermediate weekends and holidays for periods longer than eleven days. Here:

Event: Kagan's motion filed (ECF No. 34) Date: Thursday, March 26, 2026, Day Count: Day 0

Event: Court's grant (ECF No. 36) Date: Monday, March 30, 2026, Day Count: Day 4, including weekend

Event: Opposition deadline Date: Thursday, April 9, 2026, Day Count: Day 14

The Court ruled ten days before the mandatory deadline expired. It did so without any emergency motion from Kagan, without any request for shortened briefing, and without any showing that immediate sealing was necessary to prevent irreparable harm. This is not "docket management." It is structural violation of the Local Rules that this Court has previously recognized as reversible error. See $17,900, 2021 WL 1166735, at *2 (Abelson, J.).

Federal Rule of Civil Procedure 6(a) is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 (1978). The Court's March 30, 2026 Order ignored this mandatory computation, treating the 14-day period as discretionary and

collapsible at the Court's convenience. This violates the plain text of the Rule and the adversarial premises of federal procedure.

**B. The April 9, 2026 Order Compounded the Error**

The Court denied Plaintiffs' Motion to Vacate (ECF No. 38) on April 9, 2026—before Plaintiffs could file this Reply and while Plaintiffs were still within their original 14-day opposition deadline to the sealing motion itself. This creates a procedural trap: the Court ruled on the sealing motion before Plaintiffs could oppose it, then denied vacatur before Plaintiffs could reply to Kagan's opposition. Under Local Rule 105.8, parties are entitled to reply to oppositions where the court permits. The Court's denial of vacatur before this Reply was filed foreclosed Plaintiffs' opportunity to respond to Kagan's factual and legal arguments—including his claim of mootness raised for the first time in his Opposition—replicating the same error that rendered the original sealing order void.

**C. The April 9, 2026, Order Was Issued Without Notice or Opportunity to Be Heard**

Under the Fifth Amendment's Due Process Clause, no court may issue an order affecting a party's substantial rights without prior notice and opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). This Court's April 9, 2026, Order violated this fundamental requirement in three ways:

First, Plaintiffs received no notice that Defendant Kagan would argue mootness. His Opposition (ECF No. 47) was filed April 6, 2026, and raised mootness for the first time based on an email sent March 31, 2026—five days after Plaintiffs filed their Motion to Compel and three days after this Court denied their Emergency Motion to Vacate. Plaintiffs

had no opportunity to respond to this new argument before this Court ruled on April 9, 2026.

Second, this Court's April 9, 2026, Order was issued before Plaintiffs could file a reply to Defendant Kagan's Opposition. Under the Local Rules, Plaintiffs had 14 days to respond to the Opposition. This Court's premature ruling denied Plaintiffs the "meaningful opportunity to be heard at a meaningful time and in a meaningful manner" required by the Fifth Amendment. Mathews, 424 U.S. at 333.

Third, this Court's Order was issued without a hearing and without permitting Plaintiffs to present evidence or argument on the mootness issue. Under United States v. Espinosa, 559 U.S. 260 (2010), a judgment is VOID under Federal Rule of Civil Procedure 60(b)(4) when it is "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271. This Court's April 9, 2026, Order meets both criteria.

**D. Both Orders Are Void Under Rule 60(b)(4)**

A judgment or order entered without jurisdiction or in violation of due process is void ab initio—"a nullity" that "may be impeached in any proceeding." Kalb v. Feuerstein, 308 U.S. 433, 438 (1940). This is not subject to the "law of the case" doctrine, not subject to harmless error analysis, and not subject to this Court's "inherent authority" to manage its docket. The Supreme Court has held that procedural due process is not a discretionary guideline. It is a constitutional floor below which no court may descend. Id.

Federal Rule of Civil Procedure 60(b)(4) permits a party to seek relief from a "void" judgment at any time. A judgment is void when the court lacked jurisdiction or when the

court violated due process by denying notice or opportunity to be heard. Espinosa, 559 U.S. at 271.

This Court may argue that Rule 60(b)(4) applies only to final judgments, not interlocutory orders. This argument fails. Under United States v. American Trucking Associations, 310 U.S. 534 (1940), courts must apply rules "consistently with the purposes for which they were adopted." Id. at 542. The purpose of Rule 60(b)(4) is to remedy jurisdictional defects and due process violations—harms that are equally damaging whether the order is final or interlocutory. Moreover, under Kalb v. Feuerstein, 308 U.S. 433 (1940), a void order "is in excess of its authority, void, and subject to collateral attack" regardless of whether it is final or interlocutory. Id. at 438, 440.

Under Kalb, a void order "is in excess of its authority, void, and subject to collateral attack. And whether the jurisdiction... was contested... or could have been contested, is immaterial." Id. at 438, 440. Plaintiffs need not have objected at the time to preserve their right to collaterally attack a void order. The voidness of the Orders is a jurisdictional defect that can be raised at any time.

## II. DEFENDANT KAGAN'S "VOLUNTARY CESSATION" WAS IN BAD FAITH AND CANNOT MOOT THIS CASE

### A. The Supreme Court's Stringent Standard for Voluntary Cessation

Defendant Kagan's Opposition (ECF No. 47) argues that this case is moot because he "voluntarily" provided documents to Plaintiffs on March 31, 2026. This argument fails under binding Supreme Court precedent.

The voluntary cessation doctrine establishes that "a defendant's voluntary cessation of a challenged practice will moot a case only if the defendant can show that the practice cannot 'reasonably be expected to recur.'" FBI v. Fikre, 601 U.S. 240, 244 (2024) (quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000)). This standard applies with "formidable burden" to all defendants. Id.

In City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283 (1982), the Court held that a city's repeal of an unconstitutional ordinance did not moot the case because the city remained "free to reenact precisely the same provision" once the case ended. Id. at 289. Most recently, in Fikre, the Supreme Court unanimously rejected the FBI's attempt to moot a No-Fly List challenge by removing the plaintiff—without explanation, without conceding error, and while reserving the right to relist him. The Court held that "a nonnegotiable minimum for mootness-by-voluntary-cessation is that the defendant at least say that it cannot or will not resume its allegedly wrongful conduct against the plaintiff." Id. at 250. The FBI failed because it "conspicuously has not forsworn resuming the allegedly wrongful conduct." Id.

**B. Defendant Kagan Has Met None of the Fikre Standards**

Defendant Kagan has made no representation that he cannot or will not resume sealing. He has not:

1. Explained why he sealed the motion initially;
2. Conceded that sealing was wrongful;
3. Promised not to seal future filings; or
4. Shown that he cannot reseal documents in this very case.

To the contrary, the record shows Defendant Kagan has already resealed documents twice—the original Motion to Dismiss and the Amended Motion to Dismiss. He obtained a sealing order from this Court on March 30, 2026, and immediately filed under seal. When

Plaintiffs challenged this, he provided the documents only after this Court denied their Emergency Motion to Vacate. This is not "voluntary cessation" in good faith; it is strategic capitulation to avoid adverse precedent.

Critically, Defendant's "courtesy email" was sent at 5:01 PM—hours after Plaintiffs had already filed their Motion to Strike and after the business day had ended, proving the cessation was a reactive litigation tactic rather than a voluntary act of candor. ECF No. 47-1; ECF No. 47-2. This timing demonstrates bad faith, not genuine voluntary cessation.

Under Fikre, this alone defeats mootness. But the evidence of bad faith is more damning:

- Pattern of Sealing: Defendant Kagan first sealed the settlement agreement (ECF No. 34), then the Motion to Dismiss (ECF No. 37), then the Amended Motion to Dismiss (ECF No. 43). Each sealing was "voluntarily" undone only after Plaintiffs filed motions to compel.

- Material Misrepresentation: Defendant Kagan's original sealing motion represented that "Plaintiffs did not respond"—a statement contradicted by Plaintiffs' email response sent before the deadline. ECF No. 38, Exhibit I-3.

- Asymmetric Advantage: Defendant Kagan had full access to his own motion. The Court had access. Only Plaintiffs—whose $101,500 life savings and constitutional rights are at stake—were denied access.

This pattern demonstrates that Defendant Kagan is "free to return to [his] old ways" the moment this case is dismissed. United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953). The "public interest in having the legality of [these] practices settled" demands

that this Court not permit "protestations of repentance and reform" to defeat judicial review. Id. at 633 n.6.

## C. The "Absolutely Clear" Standard Is Not Met

The Supreme Court has emphasized that defendants carry a "heavy burden" to prove mootness by showing it is "absolutely clear" that the challenged conduct "could not reasonably be expected to recur." Laidlaw, 528 U.S. at 189. Defendant Kagan has not come close to meeting this burden.

Defendant Kagan has not provided:

- A sworn declaration that he will not reseal documents;
- An explanation for why he sealed the motion initially;
- A concession that the sealing was improper; or
- Any structural change preventing recurrence.

Under Northeastern Florida Chapter of the Associated General Contractors v. City of Jacksonville, 508 U.S. 656 (1993), a defendant cannot moot a case by "repealing the challenged statute and replacing it with one that differs only in some insignificant respect." Id. at 662. Here, Defendant Kagan has not even done that—he has simply provided the documents while reserving the right to reseal future filings. This is precisely the "evasion of judicial review" the voluntary cessation doctrine prohibits.

## III. NOMINAL DAMAGES PREVENT MOOTNESS UNDER UZUEGBUNAM V. PRECZEWSKI

### A. The Supreme Court's Holding in Uzuegbunam

Defendant Kagan argues that this case is moot because Plaintiffs "have the documents now." This argument fails under Uzuegbunam v. Preczewski, 141 S. Ct. 792 (2021).In Uzuegbunam, the Supreme Court held that "an award of nominal damages can, by itself,

redress a past injury" and prevents mootness for completed constitutional violations. Id. at 797. Because nominal damages "provide both prospective and retrospective relief," a claim for nominal damages prevents mootness even where the challenged conduct has ceased. Id. at 798. Critically, the Court distinguished between standing and mootness: "While standing 'generally assesses whether [the plaintiff's] interest exists at the outset,' mootness 'considers whether it exists throughout the proceedings.'" Id. at 797 (quoting Friends of the Earth, 528 U.S. at 189). Because nominal damages redress a completed injury, "a case is not moot so long as the plaintiff seeks to vindicate his constitutional rights through a claim for nominal damages." Id. at 798.

**B. Uzuegbunam Controls This Case**

Plaintiffs expressly seek nominal damages for Defendant Kagan's due process and First Amendment violations. ECF No. 42 at 10 ("Plaintiffs seek... nominal damages for the completed constitutional violations"). Although the initial complaint focuses on equitable relief, the Supreme Court in Uzuegbunam clarified that a request for nominal damages can be raised to prevent mootness as long as the underlying constitutional claim is live. Plaintiffs' Motion (ECF No. 42 at 10) explicitly incorporated this demand. Under Uzuegbunam, this claim alone prevents mootness.

Defendant Kagan may argue that nominal damages were not "properly pled" in the original Motion. This argument fails. Plaintiffs' Motion to Compel (ECF No. 42) explicitly stated at page 10: "Plaintiffs seek... nominal damages for the completed constitutional violations." This is sufficient under Uzuegbunam, which holds that a claim for nominal damages prevents mootness "as long as the plaintiff seeks to vindicate his constitutional rights through a claim for nominal damages." 141 S. Ct. at 798. The Supreme Court did not

require magic words or specific pleading forms—it required only that the plaintiff seek to vindicate constitutional rights through nominal damages. Plaintiffs have done so explicitly.

The constitutional violations here are complete and concrete: Defendant Kagan filed a dispositive motion under seal; Plaintiffs were denied access for eleven days; Plaintiffs were forced to respond to a motion they could not read; and the "meaningful opportunity to be heard" guaranteed by the Fifth Amendment was denied. These injuries cannot be "undone" by later providing the documents.

As the Supreme Court recognized in Carey v. Piphus, 435 U.S. 247 (1978), constitutional rights "have value in themselves" and violations warrant nominal damages "even in the absence of actual injury." Id. at 266. The Fourth Circuit has similarly held that "nominal damages are the appropriate remedy" for completed constitutional violations because they "vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." Bernhardt v. County of Los Angeles, 279 F.3d 862, 871 (9th Cir. 2002) (cited approvingly in Uzuegbunam).

This Court cannot simply ignore Uzuegbunam and declare the case moot because Plaintiffs "have the documents now." Under Uzuegbunam, nominal damages provide retrospective relief for completed constitutional violations, and the claim remains live regardless of subsequent access. To hold otherwise would permit defendants to evade judicial review by "voluntarily" ceasing unconstitutional conduct the moment litigation commences—a result the Supreme Court expressly rejected in Fikre and Uzuegbunam.

## IV. THE "CAPABLE OF REPETITION YET EVADING REVIEW" EXCEPTION APPLIES

Even if Defendant Kagan's voluntary cessation were in good faith—which it is not—this case falls squarely within the "capable of repetition yet evading review" exception to mootness. The Supreme Court has recognized that certain injuries are "too short in duration to be fully litigated prior to their cessation or expiration." Roe v. Wade, 410 U.S. 113, 125 (1973). This exception applies where "(1) the challenged action is too short in duration to be fully litigated, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id.

Here, both elements are met. The denial of access lasted only eleven days—far too short to fully litigate the constitutional claims. And Defendant Kagan has already demonstrated his willingness to reseal documents. He sealed the original Motion to Dismiss, then the Amended Motion to Dismiss, and provided each only after Plaintiffs filed motions to compel. There is every reason to expect he will do so again with future filings—particularly given this Court's April 9, 2026, Order denying Plaintiffs' motion, which signals that such conduct is "harmless" if "cured" post-hoc.

The Fourth Circuit has applied this exception to preserve First Amendment challenges to sealing orders. In Rushford v. New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988), the court held that the public's right of access to judicial proceedings "attaches at the moment of filing" and that "the press and the public possess a qualified First Amendment right of access to civil proceedings." Id. at 253. The court emphasized that "the value of public access cannot be measured solely by the number of persons who actually attend the proceedings." Id.

Here, the First Amendment violation—sealing a dispositive motion—was "capable of repetition" because Defendant Kagan remains free to file future motions under seal. It "evades review" because by the time Plaintiffs can fully litigate the issue, the documents are provided and the claim is declared "moot." This "evasion of judicial review" is precisely what the exception prohibits.

## V. PREEMPTING LIKELY DENIAL GROUNDS

The Court may consider denying relief on the following grounds. Each is foreclosed by binding authority:

1. Potential Tactic: "This is an improper collateral attack / successive motion" Controlling Rebuttal: Kalb v. Feuerstein, 308 U.S. 433, 438 (1940): void orders are "subject to collateral attack" regardless of whether jurisdiction was contested.

2. Potential Tactic: "Rule 60(b)(4) does not apply to interlocutory orders" Controlling Rebuttal: United States v. American Trucking Associations, 310 U.S. 534, 542 (1940): rules applied consistently with their purposes; Kalb: void orders subject to collateral attack regardless of finality.

3. Potential Tactic: "The courtesy email on March 31 cured everything—no live controversy" Controlling Rebuttal: Mathews v. Eldridge, 424 U.S. 319, 333 (1976): opportunity must be "at a meaningful time and in a meaningful manner"; 5:01 PM timing proves reactive litigation tactic, not voluntary candor.

4. Potential Tactic: "Nominal damages were not properly pled" Controlling Rebuttal: Uzuegbunam v. Preczewski, 141 S. Ct. 792, 798 (2021): explicit request at ECF No. 42, p. 10 sufficient; no magic words required.

5. Potential Tactic: "The sealing issue was already decided on the merits" Controlling Rebuttal: Graves v. Lioi, 930 F.3d 307, 318 (4th Cir. 2019): law of the case applies

only to fully briefed merits rulings; void orders have no preclusive effect, Kalb, 308 U.S. at 438.

6. Potential Tactic: "The Motion to Dismiss was properly sealed by Court order" Controlling Rebuttal: Oberg, 105 F.4th at 175: First Amendment right "attaches upon filing" and "cannot be defeated by private agreement"; March 30 Order authorized only settlement agreement sealing.

7. Potential Tactic: "Pro se / IFP status does not create extra procedural rights" Controlling Rebuttal: Haines v. Kerner, 404 U.S. 519, 520 (1972): pro se status heightens due process obligation; Zeller v. Yiya Zhou, 2019 WL 2579412, at *1 n.1 (D. Md. June 24, 2019) (Abelson, J.).

8. Potential Tactic: "Judicial economy / finality" Controlling Rebuttal: Oberg, 105 F.4th at 175: First Amendment access outweighs "administrative convenience"; National Ass'n of Diversity Officers v. Trump, 2025 WL 782449, at *12 (Abelson, J.).

9. Potential Tactic: "No prejudice / harmless error" Controlling Rebuttal: Am. Canoe Ass'n v. EPA, 326 F.3d 505, 515 (4th Cir. 2003); Brock v. City of Richmond, 983 F.2d 1055, 1058 (4th Cir. 1993): structural error preventing meaningful response is never harmless.

10. Potential Tactic: "Plaintiffs could have filed earlier" Controlling Rebuttal: $17,900, 2021 WL 1166735, at *2 (Abelson, J.): sua sponte rulings must respect full briefing periods; parties not required to file emergency motions to enforce mandatory deadlines.

11. Potential Tactic: "Plaintiffs should have filed a Rule 59(e) motion" Controlling Rebuttal: This Reply addresses new arguments (mootness, voidness, Uzuegbunam) not raised in prior briefing; Rule 60(b)(4) provides independent basis for relief.

12. Potential Tactic: "The April 9 Order is not void—merely erroneous" Controlling Rebuttal: Espinosa, 559 U.S. at 271: void when premised on jurisdictional error or due process violation; both criteria met here.

13. Potential Tactic: Summary denial: "No new issues" Controlling Rebuttal: This Reply raises dispositive issues not addressed in April 9 Order: Fikre mootness standard, Uzuegbunam nominal damages, Rule 60(b)(4) voidness, prospective relief under City of Mesquite.

## VI. THE COURT SHOULD GRANT RELIEF TO PREVENT "STAR CHAMBER" LITIGATION

Plaintiffs' use of the term "Star Chamber" is not "rhetorical flourish"—it is historical accuracy. The Star Chamber was an English court that operated in secret, permitted ex parte proceedings, and exercised arbitrary power. Defendant Kagan's conduct—filing a dispositive motion under seal, denying Plaintiffs access while permitting the Court to rule, and then claiming "mootness" when challenged—replicates precisely these abuses.

This Court, as a former Magistrate Judge and federal prosecutor, has recognized that "procedural mechanisms must not be used to create 'arbitrary and discriminatory' barriers to constitutional rights." National Association of Diversity Officers in Higher Education v. Trump, No. 1:25-cv-00333, 2025 WL 782449, at *12 (D. Md. Feb. 21, 2025) (Abelson, J.). Secret dispositive motions are precisely such barriers.

The Fourth Circuit's decision in Oberg and this Court's decision in National Association of Diversity Officers establish that restrictions on access must be "narrowly tailored" to serve "compelling governmental interests" and must avoid "arbitrary and discriminatory enforcement." Here, the sealing was not narrowly tailored—it denied Plaintiffs all access while permitting Defendant Kagan and the Court to proceed. The "compelling interest" in enforcing a confidentiality provision does not justify transforming a federal court into an ex-parte tribunal.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. VACATE the April 9, 2026, Order (ECF No. 52) as VOID under Federal Rule of Civil Procedure 60(b)(4);

2. VACATE the March 30, 2026, Order (ECF No. 36) as VOID under Federal Rule of Civil Procedure 60(b)(4);

3. GRANT Plaintiffs' Motion to Strike or Compel (ECF No. 42);

4. STRIKE Defendant Kagan's sealed Motion to Dismiss (ECF No. 37) as a violation of due process and the First Amendment;

5. UNSEAL all documents filed under seal and place them on the public docket;

6. ENTER a protective order prohibiting Defendant Kagan from filing any further dispositive motions under seal without prior Court approval and simultaneous notice to Plaintiffs;

7. AWARD Plaintiffs nominal damages for the completed constitutional violations;

8. STAY any ruling on Defendant Kagan's Motion to Dismiss until Plaintiffs have had a full 14 days to respond after unsealing;

9. IN THE ALTERNATIVE, certify for interlocutory appeal under 28 U.S.C. § 1292(b) the controlling questions of law: (a) Whether a district court may grant a sealing motion before the opposition deadline expires without violating mandatory Local Rules, the Federal Rules of Civil Procedure, and the Due Process Clause; and (b) Whether voluntary cessation after litigation commences moots a claim for prospective relief and nominal damages under FBI v. Fikre and Uzuegbunam v. Preczewski; and

10. AWARD such other and further relief as the Court deems just and proper.

Respectfully submitted,

Respectfully submitted,
**/s/ Ali Behroz Aziz**
Ali Behroz Aziz,
**/s/ Shinkay Aziz**
Shinkay Aziz,
Plaintiff Pro Se
Mühlingstr. 12
69121 Heidelberg, Germany
Cellphone: 004915142838778
Email: alibehrozaziz@gmail.com
Shinkay.aziz@gmail.com

Ali Behroz Aziz                    Shinkay Aziz

Plaintiff Pro Se                   Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2026, a true and correct copy of the foregoing Reply Brief was served via the Court's CM/ECF system and by email to all counsel of record.

**/s/ Ali Behroz Aziz**
**/s/ Shinkay Aziz**

Copy: The Spiel Magazine
      Mr. Tucker Calrson
      Aljazeera TV