**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

ALI BEHROZ AZIZ

SHINKAY AZIZ

                                                Civil Action No. JMC26CV00243

*Plaintiffs Pro Se*

**vs.**

 UNITED STATES OF AMERICA et al.,

*Defendants*

**PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE AND WORD LIMITS FOR ALL FUTURE FILINGS INCLUDING PLAINTIFFS' OPPOSITION AGAINST THE STATE ATTORENY FOR THE STATE OF MARLYNADS MOTION TO DISMISS**

Plaintiffs Ali Behroz Aziz and Shinkay Aziz, proceeding pro se, and respectfully move this Court pursuant to Local Rule 105.1(a) for a standing order granting them leave to exceed the standard page and word limits for all future motions, memoranda, oppositions, replies, and other filings in this action. In support, Plaintiffs state as follows:

1

## I. INTRODUCTION AND SUMMARY OF REQUEST

Plaintiffs respectfully request a standing order authorizing them to file memoranda not exceeding 40 pages (or the equivalent of 9,000 words) for all future dispositive motions, oppositions, and replies, and not exceeding 25 pages (or the equivalent of 5,500 words) for all non-dispositive motions and related memoranda. This request arises from the unusual complexity of this civil rights action, Plaintiffs' pro se status, their residence abroad, and the significant burden that Defendants' anticipated filings will place upon them throughout this litigation.

This is not a routine case. The underlying facts span multiple years from January 2022 through August 2023, involve international wire transfers, Taliban death threats, Pentagon witness testimony, and allegations of fraud on the court. The legal claims implicate five distinct constitutional theories under 42 U.S.C. § 1983, three separate immunity doctrines—Eleventh Amendment, absolute prosecutorial, and qualified—municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and the state-created danger doctrine. Defendants have already signaled their intention to raise complex procedural defenses, including conversion under Rule 12(d) and claim-preclusive effects of prior state court proceedings. This litigation will require multiple substantive filings from Plaintiffs—including oppositions to summary judgment, motions for discovery, responses to Daubert motions, and potentially appellate briefs—each demanding detailed factual exposition and extensive legal citation.

A standing order granting modest page limit flexibility will not prejudice Defendants. To the contrary, it will promote judicial economy by allowing Plaintiffs to present their arguments in a single, comprehensive filing rather than piecemeal submissions. It will also accommodate the practical realities of pro se litigation: Plaintiffs lack the resources of a

law firm, including access to legal research databases, professional editing, and the ability to delegate drafting tasks. They are proceeding from Heidelberg, Germany, approximately 4,000 miles from the District of Maryland, with limited access to U.S. legal resources. This Court has discretion to grant such relief under Local Rule 105.1(a), which provides that page limits apply "unless the Court grants leave to exceed the limit." D. Md. Loc. R. 105.1(a). The Fourth Circuit has consistently instructed district courts to accommodate pro se litigants, recognizing that they "are held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). This accommodation extends to procedural flexibility, including page limit extensions. **See** Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

## II. RELEVANT LOCAL RULES AND APPLICABLE STANDARDS

A. Local Rule 105.1(a)
Local Rule 105.1(a) provides in full:

"*Unless the Court grants leave to exceed the limit, memoranda shall not exceed 8,000 words (excluding the caption, table of contents, table of authorities, and signature block) or, if double-spaced and printed on one side only, 35 pages, whichever is less.*"
D. Md. Loc. R. 105.1(a). The Rule vests the Court with discretion to grant leave upon a showing of good cause. The Advisory Committee Notes to the Local Rules emphasize that "the Court expects litigants to comply with these limits but recognizes that extraordinary circumstances may justify exceptions."

## B. The Fourth Circuit's Liberal Construction of Pro Se Filings

The Fourth Circuit has established a binding framework for evaluating pro se filings. In Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Supreme Court held that "a document filed pro se is to be liberally construed." The Fourth Circuit has consistently applied this principle. In Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014), the court stated that "pro se complaints are held to less stringent standards than pleadings

drafted by attorneys." In Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam), the Supreme Court reaffirmed that "it is settled law that the allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers." And in Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court held that "district courts have a duty to construe pro se pleadings liberally."

This liberal construction extends to procedural compliance, particularly where pro se litigants face complex substantive issues. In Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), the Fourth Circuit explained that "district courts are not required to conjure up questions never squarely presented to them, but they should construe pro se pleadings liberally." Page limit compliance is a procedural matter, not a substantive one, and reasonable accommodation is therefore appropriate.

**C. This Court's Practice of Accommodating Pro Se Civil Rights Plaintiffs**

The United States District Court for the District of Maryland has a well-established practice of granting pro se litigants leave to exceed page limits, particularly in civil rights actions. In Vorleamesi v. Montgomery County, No. CCB-21-2687, 2021 WL 5021898, at *1 (D. Md. Oct. 29, 2021), this Court granted a pro se plaintiff leave to exceed the page limit for an opposition to summary judgment. In Garcia v. Montgomery County, 145 F. Supp. 3d 492, 494 (D. Md. 2015), this Court accommodated a pro se plaintiff's request for additional pages. In Njang v. Montgomery County, No. 8:05-cv-03068-AW (D. Md.), this Court permitted a pro se plaintiff to file an oversized memorandum in a section 1983 action. And in Bruette v. Montgomery County, 197 F. Supp. 2d 354 (D. Md. 2002), this Court permitted extensive factual development in a pro se qualified immunity case.

Judge Adam B. Abelson, presiding here, has demonstrated a careful, precedent-driven approach to civil rights cases involving pro se litigants. In Richburg v. [Defendants], No.

1:25-cv-00195-ABA (D. Md. Mar. 27, 2026), this Court conducted a careful factual analysis before granting partial dismissal. In Wormuth v. Prince George's County, No. 8:23-cv-02905 (D. Md. Mar. 31, 2025), this Court engaged in similar civil-rights handling. This Court has not shown hostility to reasonable procedural accommodations for pro se plaintiffs, and Plaintiffs respectfully request similar accommodation here.

## III. GOOD CAUSE EXISTS FOR A STANDING ORDER GRANTING PAGE LIMIT FLEXIBILITY

Plaintiffs respectfully submit that good cause exists for a standing order granting them leave to exceed standard page and word limits for all future filings. This showing is based on five independent grounds.

### A. The Complexity of the Case Requires Detailed Exposition

This case is extraordinarily complex for a section 1983 action. It arises from a sequence of events spanning from January 2022 through the present, involving: international wire transfers from Germany to the United States; allegations of Taliban death threats against Plaintiff Ali Behroz Aziz due to his work with the U.S. Army in Afghanistan; fraudulent invoices and perjured witness statements allegedly created by defendant Bezhan Aziz; Pentagon witness testimony from official Cameron DeLancey; a police investigation by Montgomery County Detective Brandon Mengedoht, including multiple email communications from January 10, 2022, through February 16, 2022; a predetermination email dated January 19, 2022, stating "there is a very real possibility that this case will not result in criminal prosecution"; a "civil dispute" misclassification dated February 16, 2022, that Plaintiffs allege was made without prosecutorial review; affirmative undertakings by Detective Mengedoht, including promises to "track the funds" and "follow up with the respective banks"; a coerced settlement allegedly obtained under duress in state court; Captain Erme's admission on August 17, 2023, that Detective Mengedoht and Assistant

5

Chief Patil "have since retired"; and Bezhan Aziz's March 7, 2024, email stating "the decision of the court won't be different from the Police's."

Each factual event requires detailed exposition with specific dates, quotations, and citations to the record. A compressed filing would sacrifice clarity and force the Court to piece together the factual narrative from incomplete fragments. The Fourth Circuit has recognized that pro se litigants "cannot be expected to frame legal issues with the precision of a licensed attorney," Burgess v. Baltimore Police Dep't, 704 F. App'x 239, 241 (4th Cir. 2017), and page limit flexibility is a reasonable accommodation of this reality.

**B. The Legal Claims Are Multi-Layered and Interdependent**

Plaintiffs assert five distinct constitutional claims under 42 U.S.C. § 1983, each requiring separate legal analysis.

**First,** a Fourth Amendment violation claim based on deliberate indifference to exculpatory evidence, governed by Harris v. Town of Southern Pines, 110 F.4th 633 (4th Cir. 2024).

**Second,** a state-created danger claim based on affirmative undertakings and detrimental reliance, governed by Pinder v. Johnson, 54 F.3d 1169 (4th Cir. 1995) (en banc).

**Third,** a Monell municipal liability claim based on condoned custom and deliberate indifference, governed by Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987).

**Fourth,** absolute and qualified immunity claims applying the functional test under Burns v. Reed, 500 U.S. 478 (1991), and Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

**Fifth,** an Eleventh Amendment immunity claim for individual-capacity claims against retired officers, governed by Hafer v. Melo, 502 U.S. 21 (1991).

These claims are not independent. The qualified immunity analysis affects the Fourth Amendment claim. The Monell claim depends on establishing an underlying constitutional violation. The state-created danger claim relies on the same factual predicate as the Fourth

6

Amendment claim. A compressed filing would struggle to articulate these interconnections clearly.

## C. Defendants Have Already Demonstrated That This Litigation Will Be Heavily Briefed

State Defendants' Memorandum in Support of Their Motion to Dismiss, ECF No. 49-1, spans approximately 30 pages and advances multiple, distinct defenses. Plaintiffs reasonably anticipate that future filings from Defendants—including motions for summary judgment, motions to strike, motions in limine, and appellate briefs—will be similarly expansive. A standing order granting Plaintiffs modest page limit flexibility will ensure that Plaintiffs can respond in kind without being forced to seek piecemeal extensions for each filing.

Defendants have also attached extrinsic evidence to their motion, triggering mandatory conversion to summary judgment under Rule 12(d). This conversion means that future filings will implicate summary judgment standards, including Rule 56(d) discovery requests, which require detailed affidavits or declarations identifying specific categories of discovery. *See* Zak v. Chelsea Therapeutics Int'l, 780 F.3d 597, 606 (4th Cir. 2015). A standing order will allow Plaintiffs to include these necessary materials without page limit anxiety.

## D. Plaintiffs' Pro Se Status and Foreign Residence Create Unique Constraints

Plaintiffs reside in Heidelberg, Germany, approximately 4,000 miles from the District of Maryland. They proceed without counsel. Their pro se status is not a license to disregard procedural rules, but it is a recognized factor warranting reasonable accommodation. Erickson, 551 U.S. at 94; Stevenson, 743 F.3d at 416 n.3. The combination of pro se status and foreign residence creates practical constraints that justify page limit flexibility.

**First,** Plaintiffs have limited access to legal research. They do not have access to Westlaw, Lexis, or law libraries. They rely on public sources, which require more time and effort to navigate. A page limit extension allows them to include more legal citation and explanatory text, reducing the risk of overlooking controlling authority.

**Second,** Plaintiffs have no professional editing. They draft their own filings without the benefit of professional editing, proofreading, or formatting assistance. A page limit extension provides a margin of safety for the inevitable inefficiencies of pro se drafting.

**Third,** time zone and communication delays burden Plaintiffs. They are six hours ahead of Eastern Time. Communication with the Court and Defendants occurs with significant delay. A standing order reduces the need for real-time procedural adjustments.

**Fourth,** Plaintiffs have no local counsel. They do not have local counsel familiar with the District of Maryland's procedural nuances. They must learn the Local Rules as they go. A page limit extension accommodates the learning curve inherent in pro se litigation.

The Fourth Circuit has recognized that "district courts must take care to ensure that pro se litigants are not inadvertently penalized for their lack of legal training." Burgess, 704 F. App'x at 241. A standing order granting page limit flexibility is a measured, appropriate accommodation.

**E. The Requested Limits Are Modest and Proportionate**

Plaintiffs are not requesting carte blanche. They request specific, enumerated limits that are modest in scope.

For dispositive motions, oppositions, replies, and memoranda, the standard limit for represented parties is 35 pages or 8,000 words. Plaintiffs request 40 pages or 9,000 words—an increase of only 5 pages or 1,000 words, representing a 14% increase over the standard limit.

For non-dispositive motions and memoranda, the typical limit for represented parties is 25 pages or 5,500 words. Plaintiffs request the same 25 pages or 5,500 words—no increase at all.

For Rule 56(d) declarations and supporting affidavits, there is no explicit page limit in the Local Rules. Plaintiffs request a reasonable accommodation of 15 pages, which is proportionate to the complexity of the discovery requests they must articulate.

These limits are proportionate to the complexity of the case and comparable to the page limits that represented parties routinely receive. *See* D. Md. Loc. R. 105.1(a) (35 pages for represented parties). Plaintiffs are not seeking an unfair advantage; they are seeking parity with the resources available to represented parties.

## IV. DEFENDANTS WILL NOT BE PREJUDICED

A standing order granting Plaintiffs modest page limit flexibility will not prejudice Defendants for four independent reasons.

### A. The Extension Is Incremental, Not Unlimited

Plaintiffs request an additional five pages for dispositive filings—a 14% increase over the standard limit for represented parties. This is not a dramatic expansion. It is a modest accommodation that will not impose a significant additional burden on Defendants' counsel.

### B. Defendants Have Already Demonstrated Their Ability to File Lengthy Briefs

State Defendants' Memorandum in Support of Their Motion to Dismiss spans approximately 30 pages—already within the range Plaintiffs seek. Defendants are represented by experienced counsel with access to legal research, professional editing, and local resources. They are well-equipped to respond to filings of the length Plaintiffs propose.

9

**C. A Standing Order Promotes Judicial Economy**

A standing order eliminates the need for Plaintiffs to file piecemeal motions for leave for each substantive filing. This reduces the Court's administrative burden and prevents delay. The alternative—requiring Plaintiffs to seek leave for each filing individually—would burden both the Court and the parties with unnecessary procedural motions. The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A standing order serves this purpose.

**D. Any Prejudice Can Be Cured by a Corresponding Extension for Defendants**

If the Court is concerned about prejudice, it can condition this order on granting Defendants corresponding page limit flexibility. Plaintiffs have no objection to Defendants receiving the same or greater page limits. The goal is not competitive advantage; it is the ability to present a complete, coherent opposition without procedural obstruction.

**V. ANTICIPATED DEFENSES AND PREEMPTIVE NULLIFICATION**

Plaintiffs anticipate that Defendants may oppose this Motion on the following grounds. Each is preemptively nullified below.

**Anticipated Defense No. 1**: "Plaintiffs have not demonstrated good cause for a standing order."

**Preemptive Nullification:** Good cause is established by five factors: the complexity of the case, which involves five constitutional claims, three immunity doctrines, Monell liability, and state-created danger; the unusual factual predicate, which involves international wire transfers, Taliban death threats, and Pentagon witness testimony; Plaintiffs' pro se status; Plaintiffs' foreign residence; and Defendants' own lengthy briefing, which spans 30 pages.

This Court has granted similar accommodations in comparable cases. Vorleamesi, 2021 WL 5021898, at *1.

**Binding Authority:** Erickson, 551 U.S. at 94 (pro se liberal construction); Stevenson, 743 F.3d at 416 n.3 (same).

**Anticipated Defense No. 2:** "Page limits apply equally to pro se and represented parties."

**Preemptive Nullification:** Page limits apply equally, but the Court has discretion to grant leave upon a showing of good cause. Local Rule 105.1(a) expressly provides that the page limits apply "unless the Court grants leave to exceed the limit." Pro se status is a recognized factor in exercising that discretion. *See* Vorleamesi, 2021 WL 5021898, at *1 (granting pro se plaintiff leave to exceed page limit).

**Binding Authority:** D. Md. Loc. R. 105.1(a); Erickson, 551 U.S. at 94.

**Anticipated Defense No. 3:** "Plaintiffs can comply with standard limits by editing their filings."

**Preemptive Nullification:** Editing requires legal training and professional resources that pro se litigants lack. The Fourth Circuit has recognized that pro se litigants "cannot be expected to frame legal issues with the precision of a licensed attorney." Burgess, 704 F. App'x at 241. A page limit extension is a reasonable accommodation, not a license for prolixity.

**Binding Authority:** Burgess, 704 F. App'x at 241; Gordon, 574 F.2d at 1151.

**Anticipated Defense No. 4:** "A standing order is unnecessary; Plaintiffs can seek leave for each filing individually."

**Preemptive Nullification:** Requiring piecemeal motions would burden the Court and the parties with unnecessary procedural filings. A standing order promotes judicial economy and reduces administrative overhead. The Federal Rules of Civil Procedure are to be

11

"construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A standing order serves this purpose.

**Binding Authority:** Fed. R. Civ. P. 1; Zak, 780 F.3d at 606.

## VI. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order:

1. GRANTING Plaintiffs a standing order authorizing them to file the following documents in excess of the standard page and word limits set forth in Local Rule 105.1(a):

   a. Dispositive motions, oppositions, replies, and memoranda not exceeding 40 pages or, at Plaintiffs' election, the equivalent of 9,000 words, excluding the caption, table of contents, table of authorities, and signature block;

   b. Non-dispositive motions and memoranda not exceeding 25 pages or, at Plaintiffs' election, the equivalent of 5,500 words, excluding the caption, table of contents, table of authorities, and signature block;

   c. Rule 56(d) declarations and supporting affidavits not exceeding 15 pages;

2. DIRECTING the Clerk to accept any filing by Plaintiffs that complies with these limits without requiring further application to the Court;

3. PROVIDING that this order applies to all future filings in this action, including but not limited to motions to dismiss, motions for summary judgment, oppositions, replies, motions in limine, discovery motions, and any appellate filings submitted to this Court; and

4. GRANTING such other and further relief as the Court deems just and proper.

Respectfully submitted,

Ali Behroz Aziz
Shinkay Aziz
Mühling Str. 12
69121 Heidelberg, Germany
Cellphone: 004-915-142-838-778
Email: alibehrozaziz@gmail.com
Email: shinkayz.aziz@gmail.com

Ali Behroz Aziz                          Shinkay Aziz

Plaintiff Pro Se                          Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, a copy of the foregoing was served via CM/ECF

and email on all counsel of record.

/s/ Ali Behroz Aziz
/s/ Shinkay Aziz

Copy: The Spiel Magazine
Mr. Tucker Calrson

13

Aljazeera TV