**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND (BALTIMORE)**

|  |  |
|---|---|
| **ALI BEHROZ AZIZ, et al.**<br>**Mühling St 12**<br>**69121 Heidelberg, Germany**<br><br>    *Plaintiffs*<br>v.<br><br>**JOHNATHON KAGEN, et al.**<br>**238 West Street**<br>**Annapolis, MD 21401**<br><br>*Defendants* | **Case No.: 1:26-cv-00243-ABA** |

## REPLY TO OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

Defendant Jonathan Kagan[1] ("Defendant Kagan"), by and through his attorneys Justin M. Flint, Esq., and ECCLESTON & WOLF, P.C., pursuant to Fed. R. Civ. P. 12(b)(6), and this Court's March 30, 2026, Order, hereby replies to Plaintiffs Ali Behroz Aziz and Shinkay Aziz's ("Plaintiffs") Opposition to Defendant Kagan's Motion to Dismiss, and respectfully states as follows:

Plaintiffs seek to hold Defendant Kagan liable for statements he made in his capacity as counsel for his client, Mr. Bezhan Aziz, during the course of litigation. Maryland law unequivocally prohibits such claims through the absolute litigation privilege. Plaintiffs' attempt to evade that doctrine—by relying on inapplicable case law and recharacterizing their claims—fails as a matter of law.

Notably, Plaintiffs' Opposition does not dispute the main fact: all alleged conduct by Defendant Kagan arises from statements made in judicial proceedings and filings submitted to the

---

[1] Plaintiffs have sued "Johnathon Kagen," but Defendant Kagan assumes the individual Plaintiffs intend to sue is "Jonathan Kagan."

court. *See generally* Opp'n. That fact is dispositive. Under controlling law, the litigation privilege:

applies to attorneys, *Callender v. Callendar*, 2019 U.S. Dist. LEXIS 75389, at *8 (D. Md. 2019);

covers statements made in a courtroom and statements made in documents filed in a judicial

proceeding, *Ghatt v. Seiler*, 2017 U.S. Dist. LEXIS 113610, at *10 (D. Md. 2017); and is a broad

defense to tort claims, *Evans v. Greenwich Ins.*, 2026 U.S. Dist. LEXIS 49667, at *12 (D. Md.

2026). Plaintiffs' attempt to narrow the scope of the litigation privilege, therefore, fails as a matter

of law.

Plaintiffs' reliance on *Anderson v. Hammerman*, 263 Md. App. 673 (Md. App. Ct. 2024),

is misplaced. *Anderson* addressed statutory consumer protection claims under the Maryland

Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act

("MCPA"), not common law tort claims of the type asserted here. More importantly, *Anderson*

does not eliminate the litigation privilege for common law tort claims; rather, it recognizes only

that certain statutory causes of action may operate independently of that privilege. That limited

holding has no application to Plaintiffs' claims for intentional infliction of emotional distress and

"perjury" against Defendant Kagan. As such, *Anderson* is inapplicable to the claims alleged here.

It is noteworthy that Plaintiffs assert they intend to amend their Complaint and add "claims

under the MCDCA and MCPA in the alternative." Opp'n at 9. Although Maryland courts have

narrowed the "professional services" exemption to permit liability for certain attorneys under the

MCDCA and MCPA, such liability arises only where the attorney is engaged in debt collection

activities. *Andrews & Lawrence Prof'l Servs., LLC v. Mills*, 47 Md. 126, 168 (Md. 2020).

Defendant Kagan is not a debt collector and, in fact, Defendant Kagan was representing Defendant

Bezhan Aziz (as a defendant) in the prior litigation. Plaintiffs have not alleged—nor can they

allege—that Defendant Kagan ever engaged in any debt collection activities. As such, their proposed claims also lack merit.

Plaintiffs also incorrectly assert a broad "fraud exception" to the litigation privilege. *See* Opp'n at 4. However, no such exception exists. To the contrary, Maryland law is clear—the litigation privilege applies even when the statements at issue are alleged to be knowingly false or malicious. *See Evans*, 2026 U.S. Dist. LEXIS 49667, at \*12 (the litigation privilege "affords protection even if the defendant who made the defamatory statement acted with purposeful malice, intentionally made a false statement, or otherwise acted unreasonably"). Accordingly, Plaintiffs' attempt to recharacterize Defendant Kagan's alleged conduct as "coercion" or "fraud," *see* Opp'n at 5, does not remove it from the protection of the litigation privilege.[2]

Assuming *arguendo* that the privilege does not apply, dismissal of the Amended Complaint against Defendant Kagan is still required. In their Opposition, Plaintiffs admit that they "do not

---

[2] While pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept well-pleaded factual allegations as true, but not legal conclusions drawn from those facts, Defendant Kagan denies making any false statements during his representation in the prior litigation. Plaintiffs allege that Defendant Kagan committed fraud on the Court by relying on purportedly fraudulently affidavits of Arash Aziz and Nasir Aziz—Plaintiff Ali Aziz's brother and father—that were dated March 18, 2022, and produced by Defendant Bezhan Aziz's former counsel prior to their withdrawal in September 2023. However, Judge Hurson rejected Plaintiffs' argument that those affidavits were a basis for fraud to invalidate the settlement agreement signed by Plaintiffs. *See* Dkt. No. 33-1 p. 16-17 – Sealed Memorandum Opinion. Plaintiffs further allege that Defendant Kagan's March 1, 2024, letter to Plaintiffs' counsel contained false statements. *See* Dkt. No. 1-2, exhibit attached to the Complaint. That letter, however, was expressly designed "For Mediation and Settlement Only" and was required to be exchanged and copied to Magistrate Judge Gina Simms as part of the mediation process. The letter contains a statement, ". . . Bezhan [Defendant Kagan's client] has produced in discovery several recorded communications with his mother, one of which Mrs. Aziz indicated to Bezhan that Ali had come after her with a knife." This statement reflects a summary of evidence produced by his client, not a false representation of fact. Lastly, Plaintiffs allege that Defendant Kagan filed a false affidavit dated September 26, 2024, regarding a purported government contract that Plaintiffs produced in discovery. *See* Dkt. No. 1-13, ¶ 12. However, the statements in that paragraph are supported by the attached Exhibit B-6 to the affidavit. *See* Dkt. No. 1-13. As such, the affidavit contained no false statements.

assert an independent civil action for perjury." Opp'n at 5. However, the Amended Complaint expressly asserts a "perjury" based claim. *See* Am. Compl. at 29-30. Thus, because there is no private right of action for perjury, *Kissinger-Stankevitz v. Town of Tappahannock*, 2025 U.S. App. LEXIS 28558, at \*6 (4th Cir. 2025), Plaintiffs' "perjury" claim must be dismissed. Further, Plaintiff's Opposition fails to satisfy the stringent standard to support their intentional infliction of emotional distress ("IIED") claim. *Savu v. Purolite Co.*, 2023 U.S. Dist. LEXIS 29256, at \*29 (D. Md. 2023). Instead, Plaintiffs rely on conclusory allegations which is insufficient. As a result, their IIED claim against Defendant Kagan also fails. *See also* Mot. at 8 regarding Plaintiffs' failure to support their request for punitive damages.

Further, Plaintiffs' assertion that the Settlement Agreement is "void" because it was "procured through coercion and duress," is both unsupported and precluded by prior rulings in the underlying case. As set forth in the Motion to Dismiss, Plaintiffs previously moved to reopen the underlying case on the same grounds—*i.e.*, that they executed the Settlement Agreement under pure duress, thus rendering it null and void. *See Aziz et al. v. Aziz*, Case No.: 8:22-cv-02834-BAH, Motion to Reopen Case, ECF 55. The Court in the underlying case rejected that argument, explaining that Plaintiffs' "motion to reopen does not address the validity of the settlement agreement but is better described as an attempt to relitigate aspects of a case that has already settled." *See Aziz et al. v. Aziz*, Case No.: 8:22-cv-02834-BAH, Order, ECF 61 at 18. As a result, the Court held that the "settlement agreement remain[s] in full force and effect." *Id.* Pursuant to the above, Plaintiffs' "duress" arguments have already been raised—and rejected—in the underlying case. As such, it cannot be relitigated in this case. Accordingly, the Settlement Agreement remains valid and enforceable, and its terms should be applied by this Court. *See* Sealed Mot. at 9-11.

4

What's more, Plaintiffs' claims are barred by the doctrine of res judicata. Plaintiffs argue that Defendant Kagan was not in privity with the parties in the underlying case. Opp'n at 6. In support, Plaintiffs cite *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000), but the quoted language in their Opposition does not appear in that decision. In any event, Defendant Kagan was in privity with his client, Defendant Bezhan Aziz, in the underlying case. *See Weinberger v. Tucker*, 510 F.3d 486, 493 ("Courts have held that the attorney-client relationship itself establishes privity"). Moreover, as discussed above, Plaintiffs' "duress" arguments—attributed to Defendant Kagan's conduct—were presented and considered by the court in the underlying case. These are the very same allegations now repackaged in the present Complaint. As a result, Plaintiffs' claims are barred by the doctrine of res judicata.

Finally, Plaintiffs' request to convert Defendant Kagan's Motion to Dismiss into a Motion for Summary Judgment should be denied. *See* Opp'n at 9; *see also* ECF 54. First, "[A] court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Halscott Megaro, P.A. v. McCollum*, 66 F.4th 151, 158 (4th Cir. 2023). It is also "well established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic[,]'" as is the case here. *Goines v. Valey Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016). Plaintiffs even admit that these documents are referenced in the Amended Complaint and integral to the claims of "duress and fraud." Opp'n at 9. Accordingly, this Court can consider the documents attached to Defendant Kagan's Motion to Dismiss without converting his motion into one for summary judgment.

WHEREFORE, for the reasons set forth in the foregoing Reply, and Motion to Dismiss the Amended Complaint, Defendant Kagan respectfully requests that this Court dismiss Plaintiffs' claims against him with prejudice.

Respectfully submitted,

ECCLESTON & WOLF, P.C.
  /s/ *Justin M. Flint*
Justin M. Flint (CPF No. 0312160224)
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
(202) 857-1696 (Tel)
(202) 857-0762 (Fax)
flint@ewdc.com
*Counsel for Defendant*
*Jonathon Kagan*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on April 24, 2026, a copy of the foregoing Reply to Plaintiffs' Opposition to Defendant Kagan's Motion to Dismiss was served via the Court's electronic filing system to all counsel of record, and separately emailed to shinkay.aziz@gmail.com; and alibehrozaziz@gmail.com.

*/s/ Justin M. Flint*
Justin M. Flint (#491782)

6