**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND (BALTIMORE)**

| | |
|---|---|
| **ALI BEHROZ AZIZ, et al.**<br>**Mühling St 12**<br>**69121 Heidelberg, Germany**<br><br>    *Plaintiffs*<br>v.<br><br>**JOHNATHON KAGEN, et al.**<br>**238 West Street**<br>**Annapolis, MD 21401**<br><br>*Defendants* | **Case No.: 1:26-cv-00243-ABA** |

<u>**OPPOSITION TO MOTION TO VACATE ALL ORDERS, FOR RECUSAL, FOR**</u>
<u>**REASSIGNMENT TO DIFFERENT JUDGE, AND FOR A COMPLETE RESET OF**</u>
<u>**THESE PROCEEDINGS**</u>

Defendant Jonathan Kagan ("Defendant Kagan"), by and through his attorneys Justin M.

Flint, Esq., and ECCLESTON & WOLF, P.C., hereby submits his Opposition to Plaintiffs'

"Motion to Vacate All Orders, for Recusal Under 28 U.S.C. §§ 144 and 455(a), for Reassignment

to a Different Judge, and for a Complete Reset of These Proceedings" (hereinafter "Motion"), and

in support thereof respectfully states:

**I.       INTRODUCTION**

Plaintiffs' Motion seeks extraordinary relief—judicial recusal, reassignment, vacatur of all

orders, and a reset of the proceedings—based entirely on their dissatisfaction with routine judicial

rulings. Binding precedent is clear: adverse rulings, even if strongly disagreed with, do not

establish bias, do not justify recusal, and do not warrant vacatur. Since Plaintiffs failed to identify

any legitimate basis under 28 U.S.C. §§ 144 or 455, their requested relief should be denied in its

entirety.

1

## II.   STANDARD OF REVIEW

Two federal statutes govern the recusal of judges. First, pursuant to 28 U.S.C. § 455(a), a federal judge is required to recuse themselves from a matter if "the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all facts and circumstances." *United States v. Farkas*, 669 Fed. Appx. 122, 123 (4th Cir. 2016). Similarly, 28 U.S.C. § 455(b) provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Additionally, 28 U.S.C. § 144 requires recusal only where there is a "personal bias or prejudice either against" a party or "in favor of any adverse party." 28 U.S.C. § 144.

The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, "almost invariably, judicial rulings are proper grounds for appeal, not for recusal." *Sims v. Univ. of Md. Med. Sys. Corp.*, 2022 U.S. Dist. LEXIS 169671, at *4 (D. Md. 2022) (internal citations omitted). Thus, "a proponent of recusal must show an extrajudicial source of personal bias or prejudice, not simply disagreement with the timing, form, or content of a judge's ruling." *Id*. (internal citations omitted).

## III.   ARGUMENT

Under the standard set forth above, Plaintiffs' Motion and their subsequent "Memorandum," *see* ECF 59, fail to demonstrate any bias or prejudice as required under 28 U.S.C. §§ 144 or 455. Indeed, Plaintiffs' request for recusal rests entirely on "the timing, form, or content of a judge's ruling," rather than an alleged personal bias. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) ("The alleged bias must derive from an extra-judicial source…The nature of the judge's bias must be personal and not judicial").

For example, Plaintiffs rely on the Court's Order granting Defendant Kagan's Motion for Leave to File Under Seal, *see* ECF 34, as well as the Court's Order denying Plaintiffs' Motion for Appointment of Counsel, *see* ECF 52, as grounds for recusal. These arguments, however, challenge only judicial rulings; they do not identify any extrajudicial source of bias or prejudice on the part of this Court. In fact, no such source exists. *See Sims v. Univ. of Md. Med. Sys. Corp.*, 2022 U.S. Dist. LEXIS 169671, at *6 (D. Md. 2022) (denying motion to recuse because the facts relied upon relate to the Judge's "judicial rulings, not to an extrajudicial sources suggesting that she is prejudiced or biased").

Moreover, this Court acted well within its discretion in ruling sua sponte on Defendant Kagan's Motion for Leave to File Under Seal. "District Courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of resources." *Mohamed v. Soltesz, Inc.*, 2021 U.S. Dist. LEXIS 152861, at *1 n. 1 (D. Md. 2021). Importantly, there is no requirement that this Court must wait until the expiration of an opposition deadline before ruling on a motion. This is especially so where, as here, the at-issue motion concerns a procedural matter, such as sealing, that will result in efficient and expedient resolution of the case. *Mohamed*, 2021 U.S. Dist. LEXIS 152861 at *1. Plaintiffs do not cite to an authority that establishes that this Court's timing is grounds for recusal.

Accordingly, Plaintiffs' Motion amounts to nothing more than a disagreement with adverse judicial rulings, which is insufficient as a matter of law to warrant recusal under 28 U.S.C. §§ 144 or 455. As the Fourth Circuit has cautioned, "while recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011). Plaintiffs' request for recusal must therefore be denied. Additionally, because

Plaintiffs' request to vacate all prior orders is premised entirely on their unsupported request for recusal, that request must likewise be denied.

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Jonathan Kagan respectfully requests that this Court denies Plaintiffs' "Motion to Vacate All Orders, for Recusal Under 28 U.S.C. §§ 144 and 455(a), for Reassignment to a Different Judge, and for a Complete Reset of These Proceedings."

Respectfully submitted,

ECCLESTON & WOLF, P.C.
  /s/ *Justin M. Flint*
Justin M. Flint (CPF No. 0312160224)
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
(202) 857-1696 (Tel)
(202) 857-0762 (Fax)
flint@ewdc.com
*Counsel for Defendant*
*Jonathon Kagan*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 24, 2026, a copy of the foregoing Opposition to Plaintiffs' "Motion to Vacate All Orders, for Recusal Under 28 U.S.C. §§ 144 and 455(a), for Reassignment to a Different Judge, and for a Complete Reset of These Proceedings" was served via the Court's electronic filing system to all counsel of record.

*/s/ Justin M. Flint*
Justin M. Flint (#491782)