**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALI BEHROZ AZIZ, *et al.*,

    *Plaintiff*,

    v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Case No. 26-cv-243-ABA

**MEMORANDUM OPINION**

Plaintiffs Ali Behroz Aziz and Shinkay Aziz ("Plaintiffs") have sued the United States, the Maryland Attorney General's Office (the "AG"), Bezhan Aziz (hereinafter, "Defendant Aziz"), and Jonathan Kagan. This case is related to a prior one filed by the same Plaintiffs against Defendant Aziz. *Aziz, et al., v. Aziz*, Case No. 22-cv-2834-BAH (D. Md.) (hereinafter, the "2834 Case"). Defendants Kagan and the AG have filed motions to dismiss, which are pending. ECF No. 43, 49. Further, the Court has already issued an opinion ruling on several of Plaintiffs' motions and ordering Plaintiffs to show cause why their case against Defendant Aziz should not be dismissed. ECF No. 52. Plaintiffs' response to the order to show cause is due on May 9, 2026. *Id.* at 5.

Since the Court's prior order roughly three weeks ago, Plaintiffs have filed 7 different motions:

- A motion to convert Mr. Kagan's motion to dismiss into a motion for summary judgment (ECF No. 54)

- A motion for leave to amend the complaint a second time (ECF No. 55)

- An "emergency motion to vacate all orders, for recusal under 28 U.S.C. §§ 144 and 455(a), for reassignment to a different judge, and for a complete rest of these proceedings" (ECF No. 57)

- A motion for reconsideration (ECF No. 58)

- An emergency motion to stay (ECF No. 62)

- A motion for leave to exceed page and word limits for all future filings (ECF No. 64)

- An "emergency ex parte motion for temporary restraining order and order to show cause why a preliminary injunction should not issue against Defendant Bezhan Aziz" (ECF No. 65)

Plaintiffs have also filed three supplemental memoranda of law (ECF Nos. 59, 66, 70) as well as a second amended complaint (ECF No. 67).

All of these motions are denied except for the motion to amend, for which the Court will reserve ruling. Regarding the motion to convert Mr. Kagan's motion to dismiss (ECF No. 54), to the extent Plaintiffs are objecting to the Court's consideration of the settlement agreement in the 2834 case, that objection is overruled. Plaintiffs referred to the settlement agreement numerous times in their own amended complaint, including as the basis for certain claims. *See, e.g.*, ECF No. 16 at 28 (asserting count III for "coercion, duress, perjury, void settlement, and fraud on court"). "In reviewing a motion to dismiss, courts may consider documents referenced or relied upon in the complaint." *Medispec, Ltd. v. Chouinard*, 133 F. Supp. 3d 771, 772 n.1 (D. Md. 2015). The Court will not convert Mr. Kagan's motion under Rule 12(d) at this juncture.

Concerning the motion for leave to amend (ECF No. 55), the Court will reserve ruling on that motion until both currently pending motions to dismiss are fully briefed

and Plaintiffs have responded to the order to show cause regarding Defendant Aziz. Plaintiffs have also filed what appears to be a proposed second amended complaint (ECF No. 67). Until the Court rules regarding the motion for leave to amend, the operative complaint in this case remains ECF No. 16.

As for the recusal motion (ECF Nos. 57, 59, 71), Plaintiffs contend that this Court is objectively biased because it granted Mr. Kagan's motion to seal without first considering Plaintiffs' opposition and due to disagreements with the Court's order denying the motion to appoint counsel. ECF No. 57 at 2–4. Federal judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[E]ven the appearance of partiality requires recusal." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 367 (4th Cir. 2024). To determine whether such an appearance is objectively present requires asking "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard,* 811 F.2d 818, 827 (4th Cir. 1987)). Recusal is not required in the face of a party's "unsupported, irrational or highly tenuous speculation." *Id.* (quoting *United States v. DeTemple,* 162 F.3d 279, 287 (4th Cir. 1998)). Applying these standards, recusal is not warranted here. The Court stated explicitly in its prior order that it was considering Mr. Kagan's request to seal as if the earlier order had not issued, following Plaintiffs' motions indicating their opposition to sealing. ECF No. 52 at 2 ("As the Court granted the motion for leave to file under seal without considering Plaintiffs' opposition, the Court will construe Plaintiffs' motions as oppositions to sealing, rather than motions to reconsider, and analyze the issue anew."). Other than disagreement over the Court's orders on appointment of counsel and sealing, for which the Court did

take Plaintiffs' opposition into account, Plaintiffs have articulated no other basis for recusal. Their disagreement alone is not sufficient. *United States v. Smith*, Case No. 22-6820, 2024 WL 2151186, at *1 (4th Cir. May 14, 2024) ("[M]ere dissatisfaction with the district court's rulings . . . is not a sufficient basis for recusal."); *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.").

The motion for reconsideration (ECF Nos. 58, 66) is also denied. Plaintiffs claim that the Court overlooked "binding Fourth Circuit precedent" that requires district courts to consider "whether Plaintiffs possess the *capacity* to present their colorable claims," citing *Brock v. City of Richmond*, 983 F.2d 1055, 1058 (4th Cir. 1993). First of all, Plaintiffs' page number citation to *Brock* appears erroneous, as *Brock* is an unpublished "Table" case (and therefore is also not binding precedent). More importantly, the Court *did* consider Plaintiffs' capacity, noting that they had already filed multiple motions and had not explained "why they are not capable of continuing to litigate the case in a similar manner." ECF No. 52 at 4. The flurry of lengthy filings following that order only reinforces Plaintiffs' capacity. The motion for reconsideration is denied.

Plaintiffs have also moved to stay the case pending the Court's consideration of the motions for reconsideration and for recusal, as well as "any subsequent interlocutory appeal or extraordinary review." ECF No. 62 at 1. The Court has now ruled on the motions for reconsideration and recusal. Plaintiffs have no pending appeal. The motion to stay is denied.

The motion for an ongoing increase of page and word counts (ECF No. 64) is denied. *See Prangley v. Cokinos*, 509 B.R. 822, 832 (D. Md. 2014) ("Presiding judges have considerable discretion in managing their dockets.").

Finally, Plaintiffs have moved under seal for a temporary restraining order (TRO) to "freez[e] all assets of Defendant Bezhan Aziz traceable to the $101,500 fraudulently transferred from Plaintiffs in June 2021." ECF No. 65 at 1. "To obtain preliminary injunctive relief, Plaintiffs bear the burden to show that they are likely to succeed on one of their claims." *Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 747 (D. Md. 2020). Upon consideration of Plaintiffs' briefs, the Court remains of the view that Plaintiffs' claims against Defendant Aziz are likely foreclosed by the settlement and/or court orders in the previous case. Even if the Court were convinced that Plaintiffs were likely to succeed, they have not explained why, nearly five years after the alleged fraud, "freezing" Defendant Aziz's assets would prevent immediate and irreparable harm. The motion for a TRO will be denied.

Plaintiffs have filed an unusually high number of motions in a short amount of time. Plaintiffs note they are "non-native English speakers unfamiliar with American legal customs, adversarial procedure, and evidentiary rules," ECF No. 32 at 6, and are disadvantaged by "[l]anguage barriers," ECF No. 58 at 4. But Plaintiffs' filings thus far are not consistent with these limitations. For example, they filed four motions and a response (ECF Nos. 53–55, 56–58) comprising over 40 pages of coherent legal analysis all on April 10, 2026, the day after the Court's prior order, ECF No. 52. The latest flurry worsens a pattern of repeated filings: the Court's previous order denied four of Plaintiffs' motions that were filed within the space of a few weeks. ECF No. 52. The likeliest explanation is that Plaintiffs are using an artificial intelligence (AI) tool. This

inference is further corroborated by numerous hallucinated cases and citations: for example, in ECF No. 59 at 8, Plaintiffs' quote a previous case of this Court ("*United States v. $17,900 in U.S. Currency*") that does not appear to exist.

Although the use of AI tools for legal research or drafting is not inherently improper, Plaintiffs' avalanche of filings here, whether AI-generated or not, have burdened the Court, advanced frivolous arguments, misstated the record, and fabricated legal authorities. Parties bear responsibility for the filings they sign, regardless of actual authorship. *See LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 388 (D. Md. 2014) ("*[P]ro se* litigants[,] where appropriate, are still held to a basic standard of accountability for the contents of their court papers."). This responsibility includes the duty to include accurate factual and legal citations. *See United States v. Malik*, Case No. 16-cr-324-JKB, 2025 WL 2687413, at *1 n.2 (D. Md. Sept. 19, 2025) ("While the Court affords *pro se* litigants substantial latitude in their filings, that does not provide permission to include nonexistent quotations and citations. In particular, when using generative artificial intelligence, litigants must be aware 'that such platforms sometimes 'hallucinate,' meaning they provide inaccurate responses.'") (quoting *Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 770 (W.D. Va. 2025)).

Accordingly, to facilitate an efficient and fair resolution of this case, the Court will limit the length of any *new* motions or oppositions to four pages (this limitation will apply to both sides). As noted above, Mr. Kagan and the AG's motions to dismiss are still pending (Plaintiffs have responded to both motions). Further, despite their numerous filings, Plaintiffs have not responded to the order to show cause why their claims against Defendant Aziz should not be dismissed (that response is due May 9, 2026). *See* ECF No. 52 at 5. The page limitation will not apply to the AG's reply in support of its motion

to dismiss (Mr. Kagan has already filed his reply) or to Plaintiffs' response to the order to show cause (instead, the normal page limitations under the local rules shall apply). The page limitation will also not apply to any dispositive motion filed by Defendant United States of America. These limitations will be set forth in a separate order.

If Plaintiffs continue to file frivolous motions or include fabricated citations, and/or violate the page limitation set forth in the accompanying order, the Court may enjoin them from submitting further filings or consider imposing other sanctions.


Date: April 27, 2026

_____/s/_____

Adam B. Abelson
United States District Judge