# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

**ALI BEHROZ AZIZ**
**SHINKAY AZIZ**

*Plaintiffs Pro Se*

Civil Action No. JMC26CV00243

**United States of America etl.,**

*Defendants*

**Dear Judge Abelson:**

Plaintiffs file this letter to formally place their position on the record and to request, one final time, that the Court exercise its lawful authority to secure a fair adjudication of this case. Plaintiffs did not come to this Court seeking leniency or advantage. They came seeking the rights the Constitution guarantees: an impartial tribunal, meaningful access to counsel, and a jury trial on the merits of their claims. At present, they are receiving none of these things.

## I. The Record Now Contains an Admitted False Statement

On March 30, 2026, this Court entered an order (ECF No. 36) stating that it had "considered any opposition" before granting Defendant Kagan's motion to seal. That statement was false. Plaintiffs could not have filed an opposition because the Court itself had eliminated the mandatory 14-day period required by Local Rule 105.2(a). On April 9, 2026, the Court acknowledged the error, stating that it had ruled "without considering Plaintiffs' opposition." (ECF No. 52 at 2). That admission confirms the falsehood but does not erase it. The original void order remains in the record. A tribunal that has made a false statement of fact in its own order cannot reasonably expect litigants—or the public—to maintain confidence in its impartiality.

## II. The Denial of Counsel Defies Logic and Binding Precedent

The Court's finding that Plaintiffs possess the "capacity" to litigate this case rests on a single observation: that Plaintiffs "have already filed multiple pleadings and motions." (ECF No. 52 at 4). With respect, that finding cannot withstand scrutiny.

Plaintiffs are indigent refugees residing in Germany. English is not their first language. Plaintiff Shinkay Aziz suffers from a severe pancreatic condition that requires ongoing medical treatment and limits her ability to participate in litigation. Plaintiffs face nearly ten professional attorneys, including a private law firm, the Maryland Attorney General's Office, and the United States Department of Justice. The case involves complex questions of fraud on the court, claim preclusion, sovereign immunity, and constitutional due process. The very motion Plaintiffs must answer has been sealed by the Court, making it physically impossible for them to read it.

The ability to draft and file documents is not equivalent to the ability to actually litigate a case of this complexity against professional adversaries. If the undersigned, with legal training, were asked to litigate a matter in Afghansitan or Iran in foreign language before a foreign court without counsel, the answer would be self-evident. The Fourth Circuit's decision in Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), requires a meaningful inquiry into a litigant's capacity. The Court has not conducted one.

## III. The Path to a Fair Resolution Is Clear

Plaintiffs do not seek preferential treatment. They seek the straightforward application of the law. The following propositions are either true or false, and the Court's duty is to determine which:

· The settlement agreement is void ab initio because it was procured through economic duress, extrinsic fraud against the wills of the Plaintiffs. ***See***, Exhibits. I-4 through I-22.

• Defendant Kagan, an officer of this Court, drafted and swore to affidavits containing knowing falsehoods and used them to corrupt both the district court and the Fourth Circuit in the prior action.

• Plaintiffs were prevented by the courts in the prior case from filing a motion to set aside the judgment on fraud-on-the-court grounds, violating their constitutional right of access.

• The claims asserted in this action are meritorious and have never been adjudicated on the merits.

• Other claims in this case.

If these propositions are correct, then the only lawful course is to appoint counsel, vacate the void orders, and allow a Jury to decide the facts. If the Court believes these propositions are incorrect, Plaintiffs are entitled to that determination on the merits, after full briefing and with the assistance of counsel, not through summary dismissal based on a sealed document they cannot read and vague arbitrary dismissals.

## IV. Conclusion

Plaintiffs are prepared for whichever path the Court chooses. If the Court is committed to the administration of justice, it will correct the errors identified in the record and ensure that this case proceeds to a fair adjudication. If the Court is determined to dismiss this action regardless of the evidence, then the pretense of a legitimate process is unnecessary; but the record will reflect that determination, and appellate review will follow. This court has been pretending the application of the law, while every order and every adjudication in this case has been unlawful.

The choice belongs to the Court. Plaintiffs have placed their trust in the law, and they will accept only the outcome that the law—properly applied- but this Court is determined and conspires to deny justice and not apply the law. Plaintiffs are 100% certain which the outcome is pre-determined to deny Plaintiffs case, but Plaintiffs Pro se cannot comprehend the reason for the animosity of this Court. Plaintiffs would consider it a shame  and totally

unnecessary to file another lawsuit against the United States in a different circuit, only because this Court for whatever reason has declared war on innocent and defenseless Plaintiffs Pro se.

We Plaintiffs encourage this Court to choose the path of justices and law and everything will be resolved properly in full compliance with the law.

Respectfully submitted,

/s/ Ali Behroz Aziz
/s/ Shinkay Aziz

Ali Behroz Aziz                Shinkay Aziz

Plaintiff Pro Se               Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, a true and correct copy of the foregoing Letter was served via CM/ECF and Email on all counsel of record.

**/s/ Ali Behroz Aziz**
**/s/ Shinkay Aziz**

Copy: The Spiegel Magazine of Germany
      Mr. Tucker Calrson
      Aljazeera TV