**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

**ALI BEHROZ AZIZ
SHINKAY AZIZ**

*Plaintiffs Pro Se*

Civil Action No. JMC26CV00243

**United States of America etl.,**

*Defendants*

## PLAINTIFFS' EMERGENCY MOTION FOR CERTIFICATION OF CONTROLLING QUESTIONS OF LAW FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

Plaintiffs respectfully move for certification of three controlling questions of law for interlocutory appeal. Each question satisfies the statutory prerequisites: it presents a pure legal issue, there is substantial ground for difference of opinion, and immediate resolution will materially advance the termination of this litigation. 28 U.S.C. § 1292(b).

**QUESTION 1**: Did the Court Apply the Correct Standard for Appointment of Counsel?

The Fourth Circuit mandates a two-factor inquiry under Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984): the court must evaluate "the type and complexity of the case, and the abilities of the individuals bringing it." The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Where a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel." In Brock v. City of Richmond, 983 F.2d 1055 (4th Cir. 1993), the court reversed a denial of counsel precisely because the district court "fail[ed] to properly consider [the plaintiff's] ability to adequately present his case as required in Whisenant."

This Court's entire ability analysis—dispositive for the denial—consists of one sentence: "Plaintiffs have already filed multiple pleadings and motions." (ECF No. 52 at 4.) That observation does not address the "abilities" factor that Whisenant and Brock demand. It ignores that Plaintiffs are indigent refugees residing in Germany, are non-native English speakers, and that Plaintiff Shinkay Aziz is medically incapacitated with a pancreatic condition. It ignores that the very motion Plaintiffs must answer has been sealed, making it physically impossible to review the argument against them. The ability to file documents is not equivalent to the capacity to litigate a case of this complexity against multiple professional attorneys.

The Fourth Circuit has reversed district courts for identical failures. Brock, 983 F.2d at 1055. A substantial ground for difference of opinion therefore exists. If the Fourth Circuit holds that this Court's abbreviated analysis does not satisfy Whisenant, Plaintiffs will likely be entitled to counsel, streamlining all further proceedings, including the show-cause response due May 9, 2026, and the multiple pending motions to dismiss.

**QUESTION 2**: Must a Sealing Order Procured Through a Conceded Procedural Violation Be Vacated?

The Supreme Court held in Kalb v. Feuerstein, 308 U.S. 433 (1940), that when a court acts beyond its authority, its action is "not merely erroneous, but was in excess of its authority, void, and subject to collateral attack." A void order "is a nullity" and may be challenged at any time. Id. at 438. The same principle governs Rule 60(b)(4): relief from a void order is mandatory, not discretionary. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

On March 30, 2026, this Court's sealing order (ECF No. 36) stated it had "considered any opposition." That statement was objectively false. The order was entered on Day 4 of a mandatory 14-day period required by Local Rule 105.2(a). On April 9, 2026, this Court acknowledged it had granted the motion "without considering Plaintiffs' opposition." (ECF No. 52 at 2.) The Court then

refused to vacate the void order, stating that it would "analyze the issue anew" as if the original defect could be disregarded.

The parties dispute whether a void order can be retroactively "cured" by subsequent reconsideration, or whether it must be vacated outright. This Court adopted the former position; Plaintiffs contend that Kalb requires the latter. This is a pure legal question that will determine whether Plaintiffs can access the sealed documents necessary to oppose dispositive motions. Immediate resolution will materially advance the litigation.

**QUESTION 3:** Did the Court Apply the Correct Standard in Evaluating Recusal Under § 455(a)?

The Supreme Court has repeatedly held that § 455(a) requires holistic, cumulative evaluation of all circumstances, not atomized review of individual allegations. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 861 (1988) (the standard is "whether a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of the appearance of partiality); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 886–87 (2009) (due process demands recusal when "the probability of actual bias on the part of the judge… is too high to be constitutionally tolerable" based on "all the circumstances of this case"). Intrajudicial events—those arising within the litigation itself—can establish "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

The recusal analysis in ECF No. 72 at 3–4 addresses only two of the four grounds Plaintiffs raised—the sealing order and denial of counsel—and characterizes both as "disagreement." The analysis makes no mention of: (i) Kagan's proven submission of fabricated sworn affidavits before this very District; (ii) his submission of a pre-drafted order denying the recusal motion (ECF No. 69-1); (iii) the pattern of disparate treatment; or (iv) the sanctions

threat issued without Rule 11 procedural safeguards. Each defect was evaluated in isolation and dismissed; the cumulative effect was never assessed.

A substantial ground for difference of opinion exists: this Court applied an atomized analysis, while Liljeberg and Caperton require cumulative evaluation. If the Fourth Circuit holds that these circumstances, considered together, would cause a reasonable observer to question this Court's impartiality, recusal and reassignment would eliminate the appearance of partiality and allow the litigation to proceed untainted.

ADDITIONAL GROUND: The Factual Error Undermining the AI Inference and Sanctions Threat

ECF No. 72 states that Plaintiffs cited "United Stat (17,900.00) in United States Currency, 859 F.3d 1085 (D.C. Cir. 2017). This factual error infects the AI-use inference, the "fabricated legal authorities" finding, the sanctions threat, and the asymmetric page-limit rationale. Certification of the controlling legal questions will also permit the Court of Appeals to consider whether this Court's cascading factual error independently supports relief.

CONCLUSION

Each question satisfies § 1292(b): it involves a controlling question of pure law, presents substantial ground for difference of opinion, and its immediate resolution will materially advance the termination of this litigation. Plaintiffs respectfully request that the Court certify these questions for interlocutory appeal. If the Court declines, Plaintiffs request a statement of reasons to facilitate further review.

Respectfully submitted,

/s/ Ali Behroz Aziz
/s/ Shinkay Aziz,

Plaintiff Pro Se

|  Ali Behroz Aziz | Shinkay Aziz |
|---|---|
| Plaintiff Pro Se | Plaintiff Pro Se |

## CERTIFICATE OF SERVICE

I certify that on April 28, 2026, the foregoing was served via CM/ECF and email on all counsel of record.

**/s/ Ali Behroz Aziz**
**/s/ Shinkay Aziz**

Copy: The Spiegel Magazine of Germany
　　　Mr. Tucker Calrson
　　　Aljazeera TV