**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALI BEHROZ AZIZ, *et al.*,
*Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,
*Defendants*.

Case No. 26-cv-243-ABA

## MEMORANDUM OPINION

Plaintiff Ali Behroz Aziz and his mother, Plaintiff Shinkay Aziz, (collectively, "Plaintiffs") brought this case in connection with fraud they allege was perpetrated against them by Bezhan Aziz (hereafter "Defendant Aziz"), who is Ali Behroz Aziz's brother and Shinkay Aziz's son. Plaintiffs currently reside in Germany and previously resided in Afghanistan. They allege that they were forced to flee Afghanistan in 2021 due to fear of retribution for Ali Behroz Aziz's assistance to the United States military. ECF No. 16 ¶ 19. As they fled, Plaintiffs allege, they transferred nearly $200,000 of their savings out of the county to Defendant Aziz for safekeeping. *Id.* ¶ 17. Plaintiffs allege that Defendant Aziz subsequently took the money for himself. *Id.* ¶ 21. Plaintiffs attempted to involve the Montgomery County Police Department (MCPD) and the Montgomery County State's Attorney's Office (MCSAO), who declined to prosecute after an investigation. *Id.* ¶¶ 32–34.

Plaintiffs then sued Defendant Aziz in this court. *Aziz v. Aziz*, Case No. 22-cv-2834-BAH (D. Md.) (hereinafter, the "2834 Case"). Defendant Aziz was represented in that case by attorney Jonathan Kagan (who is now himself a defendant in this matter). The 2834 Case was settled in August 2024, and the Court issued an Order pursuant to

Local Rule 111 stating that the case would be dismissed if neither party objected within 30 days. 2834 Case, ECF No. 37. Plaintiffs then timely moved to reopen the case, to which Defendant Aziz responded with a motion to enforce the settlement agreement. 2834 Case, ECF No. 61 (memorandum regarding motions to reopen) at 4. Plaintiffs conceded that they had signed the settlement and received part of the funds, but contended that they had done so under duress and that Defendant Aziz had employed "fraudulent affidavits" and "lied under oath." *Id.* at 5. Judge Hurson of this Court carefully examined these arguments and the exhibits Plaintiffs provided, ultimately concluding that Plaintiffs were "unable [to] claim the defense of duress" and that their fraud allegations did "not provide a valid basis for recission." *Id.* at 16–17. The Court therefore granted Defendant Aziz's motion to enforce the settlement agreement and denied Plaintiffs' motion to reopen the case. *Id.* at 17; 2834 Case, ECF No. 62 (Order closing the case). Plaintiffs appealed to the Fourth Circuit, which affirmed the district court's order in a per curiam opinion. 2834 Case, ECF No. 73; *see also Aziz v. Aziz*, Case No. 24-2151, 2025 WL 1430649 (4th Cir. May 19, 2025).

Undeterred, Plaintiffs then filed the instant case in January 2026. Their amended complaint brings fraud claims against Defendant Aziz in connection with the allegations concerning the wire transfer. ECF No. 16 ¶¶ 112–130. Plaintiffs have also added new defendants. They assert claims for perjury and intentional infliction of emotional distress against Mr. Kagan (*id.* ¶¶ 130–135); claims related to "judicial misconduct" against the United States for the actions of the district court and Fourth Circuit in the 2834 case (*id.* 136–149); and against the MCPD and MCSAO (*id.* ¶¶ 150–159). The complaint lists the Maryland Attorney General's Office as a defendant on the cover page, but asserts claims against the MCPD and the MCSAO only in the body of the complaint.

In addition to their complaint and amended complaint, Plaintiffs have made numerous motions and other filings. The Court has already issued two memorandum opinions and orders denying several motions. ECF Nos. 52, 72; *see also Aziz v. United States*, Case No. 26-cv-243-ABA, 2026 WL 1132884 (D. Md. Apr. 27, 2026). As the Court noted in its last opinion, the amended complaint (ECF No. 16) remains operative, as the Court has not yet ruled on Plaintiffs' numerous filed additional complaints and motions for leave to amend. *Aziz*, 2026 WL 1132884, at *1–3. Mr. Kagan, the Maryland Defendants, and the United States have filed motions to dismiss, which are fully briefed. ECF Nos. 33, 43, 49, 81. Defendant Aziz has not been served. The Court issued an order to show cause why the claims against him should not be dismissed due to the preclusive effect of the 2834 Case and/or the settlement agreement. ECF No. 52 at 5. Plaintiffs responded to that order, contending that the judgment in in the 2834 case does not bar their claims against Defendant Aziz because that judgment was void due to "fraud on the court" and "duress," was "against public policy," and was not a final judgment on the merits. ECF No. 91 at 1–3. Plaintiffs also appealed on an interlocutory basis to the Fourth Circuit. That appeal has been dismissed. ECF No. 113.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Plaintiffs are self-represented, so the Court must

construe their complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

The Court has considered the numerous filings in this case, as well as the filings in the 2834 Case, and will dismiss all claims and close this case for the reasons below.

First, regarding Defendant Aziz, Plaintiffs' claims are barred by claim preclusion. Under the claim preclusion doctrine, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004) (quotations omitted). For claim preclusion to apply "there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." All three elements are satisfied here as to Defendant Aziz. First, the order in the 2834 Case enforcing the settlement and closing the case, as well as the Fourth Circuit's affirmance of that order, constituted a final judgment for preclusive purposes. *See In re Tzanides*, 574 B.R. 489, 519 (Bankr. D.N.J. 2017) ("Courts have consistently held that an order based upon a settlement agreement constitutes a binding order for *res judicata* purposes."); *Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 660 (Fed. Cir. 2011) ("It is widely agreed that an earlier dismissal based on a settlement agreement constitutes a final judgment on the merits in a *res judicata* analysis."). The second factor is also satisfied because the two cases arose out of the same factual transaction, namely Defendant Aziz's alleged fraud. *Pueschel*, 369 F.3d at 355 ("[W]hether two suits arise

out of the same cause of action . . . does not turn on whether the claims asserted are identical" but on whether they "arise out of the same transaction or series of transactions or the same core of operative facts.") (quotations omitted). Judge Hurson's order granting the motion to enforce settlement specifically addressed Plaintiffs' arguments that they entered the settlement agreement under duress and that Defendant Aziz committed fraud on the court, as well as the evidence they provided to support these contentions. 2834 Case, ECF No. 61 at 12–17. The third element is present as well. The previous suit was between Plaintiffs and Defendant Aziz, the same parties as in this suit (at least for purposes of the claims against Defendant Aziz).

Plaintiffs' claims against Mr. Kagan must likewise be dismissed. Plaintiffs assert claims against Mr. Kagan for "perjury and intentional infliction of emotional distress" in relation to what they allege were false statements during his representation of Defendant Aziz. ECF No. 16 at 29. Perjury is a matter of criminal law, and thus Plaintiffs cannot raise it as a claim in private civil suits. *See Bell v. Messina*, Case No. 17-cv-1354, 2018 WL 2462842, at *1 n.4 (D. Md. June 1, 2018) (holding that the plaintiff could not "maintain a private action against Defendants for the crime of perjury"), *aff'd*, 744 F. App'x 180 (4th Cir. 2018). Plaintiffs' intentional infliction of emotion distress (IIED) claim likewise fails. To successfully allege an IIED claim, the alleged conduct must be "outrageous," meaning "it must be so extreme in degree[] as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Batson v. Shiflett*, 325 Md. 684, 733 (1992) (quotations omitted). The tort has "been sustained in Maryland four times[,]" representing "only the most extreme circumstances" that typically involve a special relationship of trust between tortfeasor and victim that was abused in heinous fashion. *Haines v. Vogel*, 250 Md. App. 209, 230

(2021). The complaint's allegations do not meet this high bar, essentially alleging only simple fraud. Any related allegations against Mr. Kagan would likely be barred anyway under the general prohibition on private suits against attorneys by non-client third parties for actions taken during representations of their clients. *See Painter's Mill Grille, LLC v. Brown*, Case No. 11-cv-1607-RDB, 2012 WL 576640, at *5 (D. Md. Feb. 21, 2012) ("[A] non-client third party generally cannot attack an attorney for the actions he takes on behalf of his clients.") (quoting *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Case No. 10-cv-3517-DKC, 2011 WL 3476994, at *21 (D. Md. Aug. 8, 2011)), *aff'd*, 716 F.3d 342 (4th Cir. 2013).

The claims against the state Defendants are subject to dismissal as well. As discussed above, Plaintiffs' complaint appears at times to bring claims against the Maryland Attorney General's Office, the MCSAO, and the MCPD related to the failure to properly investigate and prosecute Defendant Aziz's alleged fraud. Regarding the AG and MCSAO, those claims are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law."); *Noonan v. Allen*, Case No. 12-cv-3668-ELH, 2012 WL 6726711, at *2 (D. Md. Dec. 21, 2012) ("Plaintiff[] . . . has no civil cause of action to force the criminal prosecution of another."). Regarding the claims against the MCPD, Plaintiffs cannot sue law enforcement officers for omissions or failures to act absent special circumstances, none of which are present here. *See Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005) (explaining that the Due Process Clause does not confer a "property interest in police enforcement of [a] restraining order[.]"); *Graves v. Lioi*, 930 F.3d 307, 320 (4th Cir. 2019) ("[Plaintiff's] claim is mostly based on [police] conduct

properly categorized not as legally cognizable affirmative acts, but as nonactionable inactions and omissions.")

Finally, Plaintiffs' claims against the United States will be dismissed as well. These claims are primarily related to disagreements with the rulings of Judge Hurson and the Fourth Circuit. Such claims are plainly barred by the doctrine of absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (holding that judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"); *Mesmer v. St. Mary's Cnty.*, Case No. 10-cv-1053-DKC, 2010 WL 1881772, at *2 (D. Md. May 7, 2010) ("Judges acting in their judicial capacity are absolutely immune from suit under the doctrine of judicial immunity."). Though Plaintiffs brought their claims under the Federal Tort Claims Act, that statute specifically allows the government to assert judicial immunity defenses. 28 U.S.C. § 2674.

Accordingly, even assuming the truth of the facts as alleged in the complaint, none of Plaintiffs' allegations state a claim upon which relief can be granted and/or are barred by various immunity doctrines. The Court has read Plaintiffs' complaint with the deferential eye that self-represented pleadings warrant, but the allegations are nonetheless deficient.

Plaintiffs have also moved for leave to file a second amended complaint, ECF Nos. 55 & 96, and filed what appears to be a proposed amended complaint on the docket, ECF No. 105, that asserts claims against the same (and some additional) Defendants regarding the same underlying events. While leave to file an amend a complaint generally is liberally allowed under Federal Rule of Civil Procedure 15, "[a] district court may deny a motion to amend when the amendment would be prejudicial to

the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Here, the Court has reviewed the proposed amended complaint and determined that it still fails to state a viable claim against any Defendant. *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 948 F. Supp. 2d 538, 556 (D. Md. 2013) ("[L]eave to amend is properly denied and a claim dismissed with prejudice where further amendment would be futile, where the deficiencies in the complaint are fundamental, or where the party has failed to cure the deficiencies despite repeated opportunities."). The complaint adds numerous claims against the federal government but still bases those claims upon either judicial decisions or law enforcement omissions, which are inactionable for the reasons explained above. *See, e.g.*, ECF No. 105 ¶¶ 77–83. Other new claims merely recite legal elements without concrete factual allegations, and thus fail to state a claim. *See, e.g.*, *id.* ¶¶ 157–166 (asserting statutory claims under Maryland law by repeating elements of the claims).

Additionally, even if the proposed amendment was not futile, the Court would deny leave to amend due to bad faith. The complaint is overlong in violation of this Court's Local Rule 103.1 and still bears traces of unverified use of artificial intelligence, in direct contradiction of the Court's previous order (as discussed further below). D. Md. R. 103.1(d) (limiting pleadings to 40 pages); *Aziz*, 2026 WL 1132884 at *3 (noting that "[a]lthough the use of AI tools for legal research or drafting is not inherently improper," pro se plaintiffs still "bear responsibility for the filings they sign"); *see also Sysco Mach. Corp. v. DCS USA Corp.*, 143 F.4th 222, 231–32 (4th Cir. 2025) (affirming the lower court's denial of a motion to amend due to bad faith where the plaintiff had filed multiple duplicate cases). For example, at one point in the proposed amended

complaint, the text abruptly interrupts itself in the middle of an allegation to state, "I will now complete the surgical rewrite, finishing Count V-A through the Prayer for Relief with all elevated theories preserved." ECF No. 105 ¶ 175(c). That odd artifact is most likely context provided by an AI program, mistakenly left over from Plaintiffs' conversation with it.

Given that Plaintiffs have now filed multiple amended complaints, and that the issues in this case stem primarily from a prior case that has already been resolved, the Court will dismiss this case with prejudice.

That leaves the matter of Plaintiffs' multiple ancillary motions and filings. The Court warned Plaintiffs about their high-volume approach in its previous opinion: "If Plaintiffs continue to file frivolous motions or include fabricated citations, and/or violate the [four-]page limitation set forth in the accompanying order, the Court may enjoin them from submitting further filings or consider imposing other sanctions." *Aziz*, 2026 WL 1132884 at *3. As a review of the docket will indicate, Plaintiffs did not heed this warning, and have continued filing numerous motions. Many of these filings were over four pages, included hallucinated or fabricated citations, and contained frivolous arguments that misstated the law and/or facts. *See, e.g.*, ECF No. 114 ("Plaintiff's Emergency Motion to Compel Ruling on Pending § 1292(b) Motion; For Stay; And For Reconsideration of Orders Entered Without Jurisdiction"). The Court has nonetheless reviewed these motions and will deny all of them as either moot in light of the instant dismissal or denied for the reasons provided in the previous memorandum opinions. The Court will not issue an order to show cause regarding sanctions because it is dismissing this case. However, Plaintiffs are forewarned that similar conduct in this case or others may result in sanctions.

For these reasons, the Court will dismiss this case and deny all outstanding motions. A separate order follows.

Date: September 4, 2026

*/s/*
Adam B. Abelson
United States District Judge